*ANDRUS ET AL. vs HARMAN ET AL.*
APPEAL FROM THE COURT OF THE FIFTH DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.

An action cannot be sustained, to set aside a former judgment of the same court, unappealed from and unreversed. It forms *res judicata* between the parties.

A suit to recover damages against intervenors or third parties in a former suit, and who obtained judgment and dismissed the plaintiff's attachment

suit, is *wholly untenable,* while such judgment stands unreversed and unappealed from.

The supreme court cannot examine a judgment of the district court unless brought before it by an appeal in the case itself, or when an action of nullity is properly brought and carried up.

This suit is commenced to compel the defendants to pay damages for intervening in a former suit, and procuring the dissolution of an attachment sued out, and the *alleged illegal* dismissal of the plaintiff's suit.

The petitioners allege they commenced a suit against one James M'Clelland, in March, 1829, to recover a note of $190 given for a partnership debt, in the purchase of cattle.

When the suit was called for trial, at the November term of 1830, the defendants, being judgment creditors of McClelland intervened, and procured the dismissal of the attachment and suit, and had judgment for the property in contest.

The present suit was instituted in May 1831, alleging that the former suit was illegally dismissed, by which they lost the amount of the property attached. They claim damages of the defendants for these proceedings and the costs of the former suit, and pray to have the attachment reinstated, and the money received by the defendants refunded, &c.

There was no appeal from the judgment of the district court dismissing the former suit and attachment. The defendants filed peremptory exceptions to the plaintiffs form of action.

The present suit was also dismissed, as going to set aside the judgment of a former court, which stands unreversed and unappealed from.

The plaintiffs appealed.

*Linton,* for plaintiffs and appellants, contended that inasmuch as the intervenors had shewn on the pleadings no interest; had set up no right of property equal or superior to the seizing creditor in the original attachment suit, the court below was wrong in dismissing it: That the strongest proof

was required on the part of the debtor himself, to justify the court, at his instance, in dissolving an attachment—*a fortiori*, when third persons who changed the issue between the original parties demanded it.

2. The court can inquire into the validity and regularity of a former judgment, collaterally and unappealed from when it is apparent that enormous injustice has been done to a seizing creditor, by illegal proceedings on the part of third persons not parties, originally to the suit.—*Code of Practice, art.* 389 *to* 394. 12 *Mar.* 533. 5 *Mar. N. S.* 499. 8 *Mar. do.* 513—519.

The judges declared from the bench such an action as this could not be maintained. They refused to hear argument on the other side.

*Porter, J.* delivered the opinion of the court.

The petitioners state, that they commenced an action by attachment against one McClelland, who was their debtor, and were proceeding to obtain final judgment against him, when the defendants intervened in the suit, and by their intervention procured a judgment of the district court, which illegally set aside the attachment, and dismissed the petitioners action.

The petition charges this intervention to be illegal and improper—that the judgment of the court was erroneous—that the petitioners had a just cause of action—that they filed exceptions to the petition in intervention, which the court disregarded—and that in consequence of these illegal proceedings, they have suffered damage to the amount of five hundred dollars.

It concludes with a prayer, that the attachment suit against M'C,elland may be reinstated, and that the defendants may pay the damages already stated.

To this petition the defendants put in the plea of *res judicata*, which the court below sustained, and the petitioners appealed.

An action cannot be sustained to set aside a former judgment of the same court, unappealed from, and unreversed. It

Western District, *September* 1831.

ANDRUS ET AL *vs.* HARMAN ET AL

forms *res judicata* between the parties.

A suit to recover damages against intervenors or third parties in a former suit, and who obtained judgment and dismissed the plaintiff's attachment suit, is *wholly untenable,* while such judgment stands unreversed and unappealed from

The supreme court cannot examine a judgment of the district court unless brought before it, by an appeal in the case itself, or when an action of nullity is properly brought, and carried up.

The court did not err in doing so. The action is of a very novel character, and wholly untenable. It is an attempt to recover damages from the defendants for being parties to a suit in which judgment was rendered against the plaintiffs, and that without any allegation of fraud on their part. This cannot be done. To enable us to give judgment for the plaintiffs, we must examine the correctness of the decree in the other suit, and while it stands unreversed, we have no authority to do so. As we said in the case of Dufour *vs.* Camfranc, the validity of a sentence rendered by a court of competent jurisdiction cannot be enquired into collaterally It is as a plea, a bar, or evidence, conclusive between the parties. The errors which it may contain, were questions for the decision of the court which tried the cause, and we have no power to examine how they were decided, unless regularly brought before us by appeal; or by an action of nullity in those cases where the law affords such remedy.— 11 *Martin,* 608.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.