11  287
49 1335

JEANNETTE MOCH, wife of A. ROSE, *v.* GARTHWAITE, GIFFIN & Co.

Where a plaintiff is seeking to recover from a defendant a sum of money, or to enforce from him the recognition of some right, or the performance of some obligation, a trial had in the absence of the plaintiff will entitle defendant merely to a judgment of non-suit as against the plaintiff. But this rule is strictly applicable to cases where the position of the party sued is purely defensive, and it cannot be extended to cases where the defendant is himself obstructed in the recognition or enforcement of his own rights, or counter claims against the plaintiff.

In an injunction suit, where the issues have once been properly presented to the court upon pleadings involving issues upon the merits, a judgment dissolving the injunction, unless appealed from, will be conclusive between the parties, where the same grounds are again set up to enjoin a second seizure for the same debt, or of the same property.

APPEAL from the Sixth District Court of New Orleans, *Cotton,* J.

*G. & C. E. Schmidt,* for plaintiff and appellant.  *Morse,* for defendants.

LEA, J.*  *Garthwaite, Giffen & Co.* having obtained a judgment in the 2d District Court of New Orleans, against *A. Rose,* caused property to be seized in execution, which the plaintiff claimed as her property, and for the purpose of vindicating her right as owner, she sued out a writ of injunction.  Upon issues regularly made up, the case was tried.  The plaintiff being absent and her counsel not appearing, the court, after hearing evidence, rendered a judgment "in favor of the defendants *Garthwaite, Giffen & Co.* and *M. Marigny,* Sheriff, and against the plaintiff *Jeannette Moch,* wife of *A. Rose,* decreeing that the injunction therein issued be dissolved, and that the defendants recover damages, &c."  From this judgment no appeal has been taken.

After the judgment had been rendered, upon the attempt of the defendants to proceed with their execution by the seizure and sale of the same property, she filed another petition for an injunction, in the Second District Court, setting forth the same facts, but alleging that the former injunction had been set aside through the negligence of her counsel in defending her interests.  This petition was accompanied with a rule upon the defendants to show cause why the injunction should not be granted as prayed for.  Upon a trial had, the rule was dismissed, and from the judgment refusing the order of injunction, the plaintiff has appealed.  While the appeal was yet pending, and within three days after it had been granted, the plaintiff, by her counsel, filed another application for an injunction, in the Sixth District Court of New Orleans, alleging

───────────

*MERRICK, C. J., not having heard the argument, took no part in the decision of this case.

MOCH
v.
GARTHWAITE.

her ownership of the property seized, as in the two previous petitions, but omitting all mention of the two previous applications and of the judgments thereon. Upon a rule taken for that purpose, the court set aside the injunction granted upon this last application, with 20 per cent. damages, and from this judgment also an appeal has been taken.

The grounds of the rule were: 1st. That the same matters had been twice decided by the Judge of the Second District Court, in which the original proceedings were had, and that the previous action of the court had become *res judicata;* and, 2d. That the court was without jurisdiction to enquire into the validity of proceedings had in the execution of a judgment rendered by a court of concurrent jurisdiction.

It will be necessary to examine only the first of these points.

Where a plaintiff is seeking to recover from a defendant a sum of money, or to enforce from him the recognition of some right, or the performance of some obligation, a trial had in his absence will entitle the defendant merely to a judgment of non-suit as against the plaintiff; but this rule is strictly applicable to cases where the position of the party sued is purely defensive, and cannot be extended to cases where the defendant is himself obstructed in the recognition or enforcement of his own rights or counter-claims against the plaintiff. Thus, a " plaintiff cannot, by discontinuing or submitting to a non-suit, prevent a defendant from trying his claim in reconvention. The claim of a defendant in an injunction for interest and damages, is so analogous, that the same rule will be applied to both." See 5th An., 298. The same remark will apply to the demand of the defendant, that he be permitted to proceed in the execution of his judgment, and that the legal barrier which has been interposed to the enforcement of his rights by the writ of injunction, be set aside and dissolved.

So far as this issue is presented by the pleadings, it involves a demand made by the defendant against the plaintiff, upon which the latter cannot deprive the defendant of his right to the judgment of the court by absenting himself from the court-room on the day of the trial.

It would be in the power of a judgment debtor at his caprice, and for any length of time to defeat the enforcement of the recognized rights of his creditor, if he could be permitted successively and alternately to renew the same issues, and at his pleasure to deprive the judgment creditor of an adjudication upon them. We think, therefore, that where in an injunction suit the *issues have been once properly presented* to the court upon pleadings involving *issues upon the merits* that the judgment dissolving the injunction, *unless appealed from*, will be " conclusive between the parties where the same grounds are again set up to enjoin a second seizure for the same debt or of the same property." See *Florance* v. *Wilcox*, 14th L. R., p. 58 ; 2d An., p. 494 ; 1st Hennen's Digest, 803, No. 15.*

It is ordered, that the judgment be affirmed.

---

*No. 4406 was another suit between the same parties, in which, for the same reasons as in this case, the same judgment was rendered.