C. W. MUNCASTER *v.* M. W. BLAND.

When the co-plaintiff or co-defendant dies, pending a case in the High Court of Errors and Appeals of Missisippi, the practice is to suggest the death on record, and to let the cause proceed.

APPEAL from the District Court of Tensas, *Farrar*, J.

*Stacy & Sparrow*, for plaintiff. *Farrar* and *Short & Parham*, for defendant and appellant.

BUCHANAN, J., This is a suit brought upon a judgment rendered by the Circuit Court of Claiborne county, Mississippi.

The defence is, that the judgment of the Claiborne Circuit Court was reversed, on appeal, by the High Court of Errors and Appeals of the State of Mississippi.

The judgment of the Circuit Court, rendered October, 1847, was, "that plaintiff in execution (*Charles W. Muncaster*) recover of *Maxwell W. Bland*, and *Emeline Bland*, his wife, and *Thomas Evans* and *George O. Wilson*, their securities on their claimants bond, the negro slaves *Jim*," &c.

From this judgment, a writ of error was sued out of the High Court of Errors and Appeals, (being a court having appellate jurisdiction in the premises,) by all the four parties cast at the December term, 1847.

Pending this writ of error, and after transcript of the record filed in the appellate court, at the January term, 1850, the death of *Emeline Bland* was suggested, and it was ordered by the court, that the writ of error abate, as to the said *Emeline Bland*. Afterwards, and at the same term of the court, the cause was argued and submitted to the High Court of Errors and Appeals; which, at the April term, 1852, rendered the following judgment: "that the judgment of the Circuit Court of Claiborne county, rendered in favor of said defendant in error, on the 9th day of October, in the year 1847, be and the same is hereby reversed, and the cause remanded to that court for a new trial; and further, that the plaintiffs in error do have and recover of said defendant in error, the costs of this cause in this court expended, to be taxed."

The ground on which plaintiff seeks to maintain this action is, that the writ of error having abated as to *Mrs. Emeline Bland*, by order of the High Court of Errors, the subsequent judgment of that court was a nullity as to the interest of *Mrs. Bland* in the subject-matter, for want of jurisdiction. And of this opinion are six members of the Mississippi bar, who have been examined as witnesses in relation to the law and practice of Mississippi. But on the other side, thirteen members of the same bar, among whom are three actual or late Judges of the High Court of Errors and Appeals of that State, testify to their opinion, that the judgment of the Circuit Court has been annulled, by that of the High Court, and can no longer have any effect against *Mrs. Bland's*

representives. The views taken by thy learned gentlemen who have been examined, may be summed up in the following brief extracts from their depositions:

*William Sellers*, examined for plaintiff, says: "After abatement as to her, (*Mrs. Bland*,) the case stood upon the writ of error of *Bland* alone, precisely as though he had sued it out alone, *ab initio*."

And *William T. Martin*, on the same side : " *Mrs. Bland* having died pending the writ of error, and the High Court having ordered that the writ of error should abate as to her, and her representatives not being made parties, the High Court had not jurisdiction to pronounce judgment as to those no longer before the court."

On the other side, *George L. Potter*, examined for the defendant, says:

" Of a judgment of reversal, thus broad and general in its terms, the effect was, in my opinion, to annul and vacate the entire judgment of the Circuit Court, as to both *Bland* and wife, unless it can be shown that said judgment of reversal was void in whole or in part; and I understand the rule of law to be, that a judgment, however erroneous, if rendered by a court of competent jurisdiction, must stand as conclusive between the parties, until reversed or vacated by the proper tribunal, upon a direct proceeding for that purpose. Its validity cannot be impeached in any collateral proceeding."

Thus far the witnesses, *pro* and *contra*.

In *Borden* v. *Fitch*, 15th Johnson, 141, which was a suit in New York, in which the validity of a Vermont judgment of divorce pronounced against a defendant residing in Connecticut, was collaterally drawn in question, the Supreme Court of New York said: "To give any binding effect to a judgment, it is essential that the court should have jurisdiction of the person, and of the subject-matter; and the want of jurisdiction is a matter that may be always set up against a judgment, when sought to be enforced, or when any benefit is claimed under it." And the court thereupon proceeded to review the cases in the different States, from which it clearly results that the want of jurisdiction spoken of, which would authorize the court of one State to treat the judgment of the court of another State of the Union as an absolute nullity, must be an original and radical want of jurisdiction. For, where jurisdiction has once attached, as is remarked by the Supreme Court of the United States, in the case of *Elliott* v. *Piersol*, 1st Peters, 340, " the court has a right to decide every question which occurs in the cause ; and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court." And the same doctrine is thus enunciated by the same high tribunal, in the case of *Voorhies* v. *The Bank of the United States*, 10th Peters, 474. " The errors of the court do not impair the validity of its proceedings ; binding, till reversed, any objection to their full effect, must go to the authority under which they have been conducted." " The line which separates error in judgment from the usurpation of power, is very definite ; and is precisely that which denotes the cases where a judgment or decree is reversible only by an appellate court, or may be declared a nullity collaterally when it is offered in evidence," &c. Ibid, p. 475.

The original jurisdiction of the High Court of Errors over the parties and the subject-matter, is not disputed ; but it is contended, that the jurisdiction was lost, by the abatement of the writ, as to one of the plaintiff's in error ; and that the cause of action of that plaintiff in error did not survive to the

others, under the Statute of Mississippi, and that of William 3d, from which it is taken. In all the remarks of the learned gentlemen examined for plaintiffs, upon this question of survivorship, the fact seems to have escaped attention,· that there were two other plaintiffs in error besides *Bland* and wife namely, *Evans* and *Wilson*, the securities upon the forthcoming claimant's bond, given by *Mrs. Bland* and her husband; and who, by a proceeding analogous to our injunction law of 1831, were included in the verdict and judgment against *Mrs. Bland* in the court below. There would seem strong color of reason for the opinion, that the cause of action of *Mrs. Bland* in error, which was an erroneous forfeiture of said bond to her prejudice, survived to her securities in the bond, co-plaintiffs with her in error, even conceding that it did not survive to her husband, by reason of the Mississippi Statutes of 1839 and 1846· But after all, this seems to be a question of practice, which cannot be here examined collaterally, however palpably wrong the decision of the High Court of Errors may have been. Did we consider ourselves under an obligation to examine it, or even vested with authority to do so, we should be very much inclined to consider the late distinguished Chief Justice of Mississippi, Sharkey, as the very best authority extant upon the practice in the High Court of Errors of that State. In his deposition on file in this case, Judge Sharkey says: "I believe it has been the invariable practice of the High Court of Errors and Appeals, in case of the death of a co-plaintiff or co-defendant in error, to have the death suggested on the record, and to let the cause proceed."

It is therefore adjudged and decreed, that the judgment of the District Court be reversed; and that there be judgment for defendant, with costs in both courts.