(55 South. 576.)

No. 18,500.

CLARKE v. LASSUS.

(April 24, 1911. On Application for Rehearing, June 17, 1911.)

*(Syllabus by the Court.)*

HUSBAND AND WIFE (§ 262*)—ESTOPPEL (§ 29*) — COMMUNITY PROPERTY — PRESUMPTIONS.

The presumption that the property bought in the name of the wife belongs to the community is merely prima facie, and the wife may prove by parol evidence that the purchase was made with her separate funds, although the act of sale contains no such recital. The wife's title to property standing in her name, and by her conveyed to a third person, cannot be assailed by such person in a suit against the husband alone.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 913, 914; Dec. Dig. § 262;* Estoppel, Cent. Dig. §§ 69–73; Dec. Dig. § 29.*]

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Charles A. O'Niell, Judge.

Action by Lillian Lyons Clarke against John F. Lassus. Judgment for defendant, and plaintiff appeals. Affirmed.

Foster, Milling; Brian & Saal and L. R. Hoover, for appellant. Borah & Himel, for appellee.

LAND, J. On January 24, 1908, Mrs. Louisa Como Lassus, wife of John F. Lassus, by whom she was aided, authorized, and assisted, granted, bargained, and sold to Mrs. Lillian Lyons Clarke, widow, for the purported cash price of $6,926.30, a certain tract of land, known as the "Crescent Sugar Plantation," situated in the parish of St. Mary, being the same property acquired by the said Mrs. Lassus from Mrs. M. A. Lassus in 1903 by duly recorded act of sale.

On the same day the said Mrs. Clarke, widow, and the said Mrs. L. C. Lassus, authorized by her husband, entered into an agreement, by which the said Mrs. Clarke bound herself to sell and convey, by warranty deed within five years from date, unto the said Mrs. Lassus, the same plantation.

It was further stipulated that Mrs. Lassus should retain possession of the plantation during said five years' option, on payment of an annual rental of $554.10 on the 24th day of January, 1909, and annually thereafter during the life of the option.

It was further stipulated that, should Mrs. Lassus compromise a certain judgment held by the estate of F. W. Moore against John F. Lassus, upon which the execution had issued against him on said plantation, at a price satisfactory to Mrs. Lassus, then the said Mrs. Clarke agreed to pay said amount, add the same to the consideration of the agreement— that is, $6,926.30—on which additional rental of 8 per cent. on the amount paid to the Moore estate would be charged as additional rental from the date of payment, the rental to be paid annually at the time of the payment of the rental aforesaid, and which the said Mrs. Lassus agreed to pay to the Clarke estate before or at the time she should exact any sale to her under the option.

It was further stipulated that Mrs. Clarke should not sell or incumber the property to the prejudice of the option, and that the right of Mrs. Lassus to buy the property should be forfeited by her failure to pay the annual rent as stipulated in the agreement.

The Moore judgment was compromised for $3,500, and was transferred to Mrs. Clarke in July, 1908.

The present suit was instituted by Mrs. Clarke in August, 1909, against John F. Lassus, alone, as head and master of the community existing between him and his wife, for the purpose of annulling the lease option contract between Mrs. Clarke and Mrs. Lassus for alleged nonpayment of the rental stipulated therein, of evicting the defendant from the leased premises, and of recovering of him the rentals due and to become due up to the date of the surrender of the possession of the plantation.

Defendant answered that the plantation was the separate property of his wife, and that the plaintiff's dealings at all times have been with the wife of respondent as the owner of the property, and that the plaintiff has recognized that the respondent had no interest therein. Wherefore the defendant pleaded that the plaintiff was estopped and precluded from alleging that the property belonged to the community. Defendant in the alternative pleaded other defenses, which need not be recited.

The case was tried, and there was judgment dismissing the action as in case of nonsuit. Plaintiff has appealed.

Our learned Brother below was of opinion that the suit should have been brought against Mrs. Lassus, the party to the contract, and not merely against her husband, for the reason that to hold otherwise would be to prejudice the rights of Mrs. Lassus, one of the contracting parties, without giving her a hearing.

Mrs. Lassus in 1903 purchased the plantation in her own name from her mother-in-law for a purported cash consideration. In December, 1907, the property was seized under a writ of fieri facias issued in the suit of Mrs. Moore, Executrix, v. J. F. Lassus, and was advertised for sale on February 1, 1908. Pending this seizure, Mrs. Lassus sold the property in her own name to Mrs. Clarke, and then, duly authorized by her husband, enjoined the sheriff's sale on sworn allegations that the plantation was her paraphernal property, acquired with her separate means. The judgment held by the Moore estate was compromised for $3,500 and transferred to Mrs. Clarke, as already stated. Mrs. Lassus leased the plantation for the year 1909 to Edward I. Seyburn for the price of $660. This lease was made with the consent of Mrs. Clarke. The plaintiff by supplemental petition made Seyburn a party to this suit, praying for judgment against him for the full rental price. The defendant's participation in all the contracts and proceedings referred to was confined to authorizing and assisting his wife therein.

There can be no question that the plaintiff contracted with Mrs. Lassus, but it is argued that the plantation belonged to the community, and ergo the contracts were made by the wife for the benefit of the community.

It is true that the presumption is that all purchases made during the marriage in the name of either husband or wife inure to the benefit of the community. Civ. Code, art. 2402. But this presumption is not absolute, as the wife may reinvest her paraphernal funds in her own name and for her separate use and benefit. The wife may prove by parol evidence that property bought by her during the marriage was purchased with her separate funds, although the act of sale is silent on the subject. Pinard v. Holten, 30 La. Ann. 167.

This right of the wife to maintain a title standing in her name by proof dehors the act

of conveyance makes her a necessary party to any suit instituted for the purpose of fixing the community status of the property. No judgment rendered against the husband alone can conclude the claims of the wife, or settle the question of title to property standing in her name. Hence the necessity of suit both against her, representing her individual interest, and against her husband, representing the community.

Moreover, as the plaintiff purchased the property from the wife, and also leased the same to her for five years, with an option to purchase, we cannot see how the plaintiff can ignore her own contracts with the wife and treat them as if made with the husband.

In Keating v. Wilbert, 119 La. 461, 44 South. 265, this court held that, where a person buys property from a married woman, he cannot, when sued by her to annul the contract, set up that the property belonged to the community, citing Harang v. Blanc, 34 La. Ann. 632.

Judgment affirmed.

#### On Application for Rehearing.

PER CURIAM. It is ordered that our decree herein be modified, by reserving whatever rights the plaintiff may have in the subject-matter of the litigation against the defendant and all other persons, and that, with this reservation, the application for a rehearing be refused.