(63 South. 259.)

No. 19,531.

CLARKE v. LASSUS et al.

(June 30, 1913. Rehearing Denied Oct. 20, 1913.)

*(Syllabus by the Court.)*

REVIEW OF FACTS.

Questions of fact are involved only in this case.

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Charles A. O'Neill, Judge.

Action by Mrs. Lillian Lyons Clarke against John F. Lassus and others. From the judgment, plaintiff appeals. Affirmed.

Foster, Milling, Brian & Saal, of New Orleans, for appellant. Borah & Himel, of Franklin, for appellees.

SOMMERVILLE, J. This is a repetition of the suit between the same parties, reported in 128 La. 919, 55 South. 576, with the addition of Mrs. John F. Lassus, as defendant.

There was judgment in favor of the plaintiff and against the defendants, decreeing that a certain contract entered into by and between the plaintiff and Mrs. Lassus, of date January 24, 1908, wherein Mrs. Clarke leased the Crescent plantation to Mrs. Lassus, and agreed to sell the property to her, was declared to be a community contract on the part of the two defendants, husband and wife, and that said contract had been violated and annulled by the nonpayment of the rent stipulated for therein. There was further judgment against defendant for rent for said plantation, with recognition of the lessor's lien upon all the movables upon the premises, and that defendant be dispossessed of and evicted from the said leased premises. It was further decreed that the demand for damages made by plaintiff and defendants against one another be rejected.

Plaintiff has appealed from those portions of the judgment which are against her and in favor of defendants, rejecting her demand for $1,000 for damages to the plantation, for $4,000, the value of certain mules alleged to have belonged to plaintiff, and to have been removed from the premises by defendants, and for $660, deposited in court by a subtenant of Mrs. Lassus in the former suit, reported in 128 La. 919, 55 South. 576.

(1) The claim for damages, in the sum of $1,000, alleged to have resulted to the plantation from the neglect and misuse thereof by the defendants was not supported by evidence, and it was properly disallowed in the district court. No argument was offered in this court in support of said claim.

(2) The claim for $4,000 for the value of certain mules alleged by plaintiff to have been on the plantation at the time that she leased it to defendants, and which had been removed from the premises by them, is not sustained by evidence.

The agreement to lease and to sell between plaintiff and Mrs. Lassus, of date January 24, 1908, does not mention any mules as being on said plantation. And, in the agreement between Mrs. Lassus and her subtenant, Edward I. Seyburn, of date February 18, 1909, no mention is made of mules being on the place. In the latter written agreement reference was made to an inventory of "all implements thereon." And the subtenant agreed—

"to return same quantity of implements of all kinds and like condition less the natural wear to their use."

The only oral testimony with reference to the fact that mules were on the plantation at the time that plaintiff leased it to defendant is that of the subtenant, E. I. Seyburn, above referred to. He testified on behalf of plaintiff that he was a witness to the sale of the mules by Mrs. Lassus in January, 1907. As Mrs. Clarke did not become the owner of the property until January 24, 1908, the mules were apparently not the property of Mrs. Lassus when she sold the plantation to Mrs. Clarke. This witness further testified that the tenants of Mrs. Lassus, to whom she sold said mules in 1907, left said plantation in August, 1908—

"and they surrendered and gave up everything to Mrs. Lassus."

And that Mrs. Lassus sold said mules again in January, 1909. This evidence clearly shows that Mrs. Lassus was not the owner of the mules in January, 1908. She reacquired ownership of them in August, 1908. Mrs. Lassus sold the plantation to Mrs. Clarke January 24, 1908, and Mrs. Clarke leased said plantation to Mrs. Lassus on the same day that the former purchased it. The mules, therefore, did not belong to Mrs. Clarke at the date of the contract of lease between the parties, or at any other time. The judgment appealed from is correct in refusing plaintiff's demand for the value of said mules.

(3) The last item, $660, was deposited by the subtenant, Seyburn, with the clerk of court, in the former suit before referred to between these parties. Mr. Seyburn had been made a party defendant in that suit; but his property had not been provisionally seized for the rent due by him to Mrs. Lassus. He appears to have made said deposit under an order of court, so as to relieve himself from all liability in the matter. He owed said amount to Mrs. Lassus, under a lease of the plantation made with her, and he submitted the matter to the district court for determination as to who should get the rent.

The plaintiff, apparently laboring under the impression that said $660 was still in the custody of the clerk of the court, asked that Seyburn be cited in the present suit; that said amount be sequestered; that her lessor's privilege on said sum be recognized; that the clerk of court be authorized to hold said amount to await the determination of the suit; and that she have judgment against Seyburn for said amount.

Seyburn answered that he had made the deposit referred to in the former suit, and that he had not withdrawn said amount from the clerk of court, and that he is willing that said amount should remain in the custody of the court, subject to the decision of this

case, and he asked to be discharged without costs.

The evidence shows that the said amount was withdrawn from the clerk of court by the defendant in the former suit before this suit was filed.

The writ of sequestration, so far as the $660 was concerned, was set aside by the judgment of the district court. The petition for a devolutive appeal by plaintiff from the judgment of the district court does not ask that Seyburn be cited, and he is not before this court. We cannot, therefore, review the judgment appealed from in so far as it may affect Mr. Seyburn.

Plaintiff has failed to prove the allegation in her petition that the clerk of court had in his possession the $660 above referred to at the time that this suit was filed. On the contrary, it is conclusively shown that said sum was withdrawn from the court by the defendant after the judgment of this court had become final in the previous suit between the parties, and before the filing of this suit. The finding of the court on this point is also correct.

Judgment affirmed.