(64 South. 801.)

No. 19,783.

LASSUS v. CLARKE.

(March 2, 1914. Rehearing Denied March 30, 1914.)

*(Syllabus by the Court.)*

1. JUDGMENT (§ 584*)—RES JUDICATA.

A plea of res adjudicata will be sustained on showing that the thing demanded in the suit is the same as that demanded in a former suit, which embraces the same cause of action between the same parties, which was formed by them against each other in the same quality, and where the former suit has been decided by a final judgment, from which there can be no appeal. Civ. Code, arts. 2286, 3556 (No. 31).

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1063–1065, 1067, 1079, 1081, 1083, 1086, 1087, 1096, 1097, 1123, 1125, 1137; Dec. Dig. § 584.*]

2. APPEAL AND ERROR (§ 890*)—PROCEDURE—RES JUDICATA.

Peremptory exceptions founded on law may be pleaded in the Supreme Court. Code Prac. arts. 345, 902.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3623, 3624; Dec. Dig. § 890.*]

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; T. M. Milling, Judge.

Action by Mrs. J. F. Lassus against Mrs. Lillian L. Clarke. Judgment for defendant, and plaintiff appeals. Affirmed.

Borah & Himel, of Franklin, for appellant. Foster, Milling, Brian & Saal, of Franklin, and L. R. Hoover, of New Orleans, for appellee.

SOMMERVILLE, J. When this case was first before us we affirmed a judgment of nonsuit in favor of the then defendant, Mr. Lassus, 128 La. 919, 55 South. 576. The district

court held that the contract sued upon by Mrs. Clarke having been made by and with Mrs. Lassus, the latter was a necessary party defendant. Thereupon Mrs. Lassus was made party defendant in the cause, and she appeared and answered. The judgment in that case was affirmed in 133 La. 667, 63 South. 259.

Mrs. Lassus is now plaintiff in this suit, and she has been met with pleas of res adjudicata and estoppel, filed by Mrs. Clarke, based upon the judgment in the former suit just referred to, which pleas have been sustained, and Mrs. Lassus has appealed.

In the suit between Mrs. Clarke, as plaintiff, and Mr. and Mrs. Lassus, as defendants, plaintiff sued for rent of a plantation, and for possession of the property leased to Mrs. Lassus; she was met with a general denial on the part of Mr. Lassus, and a plea of want of interest on his part. He alleged that his wife was the real party in interest. Mrs. Lassus answered, pleading an estoppel against plaintiff, and set up title to the leased property in herself. She alleged that the sale and transfer by her of her property to the plaintiff, Mrs. Clarke, was made in order to satisfy a judgment rendered against her husband, Mr. Lassus, and held by the plaintiff; that she never intended to pass title to the property to Mrs. Clarke, but only to secure the debt which her husband owed to Mrs. Clarke, and to give her time in which to pay said debt of her husband and take back the title to said property; that she never received one dollar in consideration of the sale of the property, and that said sale was absolutely null, void, and of no effect, as being contrary to a prohibitory law, and that it should be annulled and revoked, and that she should be quieted in her possession of said property as owner. She prayed for judgment accordingly.

The trial of the case was proceeded with on the issues thus presented, and there was

judgment in favor of plaintiff, Mrs. Clarke, and against the defendants, Mr. and Mrs. Lassus, with written reasons for judgment, which show that all the matters pleaded were definitely passed upon; and the judgment decreed, among other things, "that defendant be dispossessed of and evicted from the said premises." Mr. and Mrs. Lassus did not appeal from this judgment, rendered February 26, 1912. The judgment is therefore final; although a devolutive appeal might have been taken therefrom at the time this suit was filed, October 1, 1912.

Mrs. Lassus now in this suit, reiterating the allegations made in her answer in the former suit, wherein Mrs. Clarke was plaintiff and she was one of the defendants, asks that there be judgment—

"decreeing that the sale of plaintiff to defendant herein, having been made to secure the debts and judgments of John F. Lassus, deceased, husband of petitioner, having thus been made in an effort to make petitioner and her property responsible for the debts of her husband, is contrary to a prohibitory law, null, void, and of no effect, and decreeing that the petitioner is the owner and entitled to the possession of the property which is above described and quieted in her possession and ownership thereof, and for all costs of this suit."

This suit was filed October 1, 1912, within one year after the rendition of the judgment in the former suit, February 26, 1912; and plaintiff argues that the plea of res adjudicata filed by defendant should not have been maintained, because the year had not elapsed at the time of the filing of said exception in the trial court, within which time she had the right to appeal from the judgment against her. This suit is, in effect, one to annul the prior judgment in an indirect or a collateral manner, without the necessary allegations, which would not be permitted on proper objection. C. P. arts. 610, 607; Andrus v. Harman, 2 La. 587; Broussard v. Benard, 7 La. 216, 223.

[1] Pleas of res adjudicata and estoppel have been filed in this court, after the ex-piration of the year in which Mrs. Lassus might have appealed from the judgment against her in the district court; and it is admitted that she has not taken an appeal from that judgment.

The foregoing statement is conclusive that the issues in the two suits are the same, although we are not called upon to decide that point, as the district judge says in his written reasons for judgment:

"In oral argument before this court the attorney for the plaintiff admitted that the cause of action in this suit and suit No. 13,042 is the same, that it is between the same parties, and formed by them against each other in the same quality. He contended, however, that the judgment in case No. 13,042 is not res adjudicata, and that he is not estopped from filing this suit for the reason that the year allowed him to appeal from the judgment in suit No. 13,042 had not elapsed."

In view of the foregoing admission, upon which the trial court based its judgment, we shall not further discuss the question as to whether the causes of action in the two suits are the same or not, in the absence of a written assignment of errors. C. P. arts. 593, 895; Jackson v. Mitchie, 33 La. Ann. 723; Harkness v. Louisiana & N. W. R. R. Co., 110 La. 822, 34 South. 791; Blanchard v. Luce, 19 La. Ann. 46; Succession of Forstall, 32 La. Ann. 97.

The pretension that the judgment in the former suit did not dispose of the defenses set up by Mrs. Lassus in her answer in that suit has no weight. The issues raised in the answer therein by Mrs. Lassus were tried, and they were disposed of by the judgment rendered. Villars v. Faivre, 36 La. Ann. 398; Shakespeare v. Ware, 38 La. Ann. 570; Rauxet v. Rauxet, 38 La. Ann. 669; Sewell v. Scott, 35 La. Ann. 553; Wells' Res Adjudicata, §§ 12, 21, 24, 217, 304.

Defendant argues that if the plea of res adjudicata may not have been technically available to her, because Mrs. Lassus might have appealed from the judgment rendered less than one year before, plaintiff was neverthe-

less estopped from making the same demand in the same court, which had been finally disposed of by a definitive judgment between the parties. She shows that under article 556 of the Code of Practice definitive judgments may be revived, set aside, or reversed in four ways only: By a new trial, by appeal, by an action of nullity, or by rescission, and not by a new suit on the same cause of action, between the same parties. Muncaster v. Bland, 11 La. Ann. 507; Orr v. Thomas, 3 La. Ann. 588.

That the previous judgment in favor of Mrs. Clarke and against Mrs. Lassus is definitive, or final, is clear, under Code of Practice, art. 539; and it is equally clear that that judgment might have been executed by Mrs. Clarke after the delay for taking a suspensive appeal had run. It is binding upon both parties. Mrs. Lassus might have had the correctness of that judgment tested on appeal. Not having done so, she has waived her legal right to appeal, but this has added nothing to the effect of the judgment. It is no more binding now, that the year has elapsed, than it was ten days after it was rendered. The year given in which to appeal is a prescriptive limit to the right of appeal, and does not in any manner affect the judgment unappealed from. Mrs. Lassus having failed to effect an appeal within a year after rendition of the judgment, that judgment is conclusive and binding, and the cause of action therein disposed of cannot be made the basis of another suit, wherein the same issues may be retried. The only manner in which definitive or final judgments of the trial court may be reviewed are set forth in article 556 of the Code of Practice, and Mrs. Lassus is restricted to the methods therein named. Courts cannot be continually passing upon the questions which have been already disposed of by a competent court in the same territorial jurisdiction. Litigation must end some time between parties. Mrs. Lassus, under her view of her rights, after losing her suit, might again sue Mrs. Clarke on the same cause of action, provided the suit was filed before the year for a devolutive appeal had elapsed. If this were permitted, litigants could then remedy any defect of pleading, or any omission of evidence, by simply refusing to appeal and filing another suit. Osborn v. Planters' Bank of Mississippi, 2 La. Ann. 494; Moch v. Gaithwaite, 11 La. Ann. 287; Trescott v. Lewis, 12 La. Ann. 197; Florance v. Wilcox, 14 La. 58; Brady v. Parish of Ascension, 26 La. Ann. 320; Harvin v. Ladman, 112 La. 30, 36 South. 213.

[2] Defendant, as has been before stated, has filed a plea of res adjudicata in this court, under the provisions of articles 902 and 345, Code of Practice.

The year within which Mrs. Lassus might have appealed from the judgment against her in the former suit has now elapsed, and she has taken no appeal from that judgment, and the plea of res adjudicata is sustained. It is unnecessary to remand the case to try the plea of res adjudicata filed here, as the same plea was filed in the district court, was tried and disposed of there, and the evidence in support thereof is in the record. Appellant has not asked that the case be remanded that the plea may be tried.

Judgment affirmed.

PROVOSTY, J., absent on account of illness, takes no part.