LAND, Justice.
 

 This is a suit for payment for repairs and machinery parts furnished on two dragline machines owned by defendant. The two machines were purchased from the plaintiff. The defendant admits owing the plaintiff $1,037.76, representing the parts furnished on the older machine, but denies owing the
 
 *1062
 
 balance, which represents repairs and replacement parts on the machine which had been purchased less than a year before the parts were furnished.
 

 The warranty relied on as a defense to this suit for machinery parts is specifically embodied in the written contract of sale.
 

 In the third paragraph of the written contract, it is provided that: “We (the seller)
 
 guarantee every part of the machinery, tools or equipment
 
 covered by this proposal
 
 to he of proper materials and first-class workmanship,
 
 and agree to furnish, without charge, f. o. b. cars, Milwaukee, Wisconsin,
 
 any part or parts which may prove defective
 
 under normal and proper use. * * * ” (Italics ours.)
 

 This is the warranty referred to in the thirteenth paragraph of defendant’s answer to this suit, where it is averred “that, at the time and as a part of the consideration of said sale and purchase, plaintiff represented and
 
 warranted to
 
 respondent that the said dragline machine was properly constructed, of good and sufficient and
 
 workmanlike mar terials,
 
 and capable of performing the work for which same was purchased; whereas, as a matter of fact,
 
 the material
 
 in and
 
 workmanship
 
 on the said dragline machine were
 
 defective,
 
 in that parts thereof broke down and failed to function, causing great damage and delay to respondent.” (Italics ours.}
 

 The defense to the first suit for the purchase price of the machine was that plaintiff had breached
 
 its verbal
 
 warranty of the capacity of the machine; and it was held that evidence of such
 
 verbal
 
 warranty was inadmissible, being violative of the parol evidence rule. Harnischfeger Sale Corporation v. Sternberg Company, Inc., 179 La. 317, 154 So. 10.
 

 When the present case was called for trial, the plaintiff offered the parts account in evidence and rested. Then, before the defendant had an opportunity to offer any evidence, the plaintiff filed a “plea of estoppel,” which was immediately sustained and judgment was rendered for plaintiff as prayed for, in the sum of $4,301.50.
 

 The plea of estoppel seems to be based upon the bare fact that, in the prior suit f^r the price of the machine, the defendant offered in evidence a parts account in the sum of $3,223.12. The parts account, however, was offered by the defendant simply to show the excessive breakage of parts and, therefore, as evidence of the unfitness of. the machine, and not as an admission that the defendant owed the debt.
 

 While mention was made, in argument before, this court, that the parts account should be considered also, in determining the reduction in price in the former suit, the important fact is that the contention was made.
 
 unsuccessfully.
 

 “The fact of having ineffectually urged an erroneous legal proposition cannot serve as the basis of an estoppel.” Sandoz v. Sanders, 125 La. 396, 51 So. 436, 438.
 

 “The answer to the first ground'of estoppel here urged is that a party is not estopped by allegations of law unsuccessfully made in a former suit.” Behrman v. Louisiana Ry. & Nav. Co., 127 La. 794, 54 So. 25, 32; Hornor v. McDonald, 52 La. Ann. 406, 27 So. 91; Godwin v. Neustadtl, 47 La. Ann. 850, 17 So. 471; Stockmeyer v. Oertling, 38 La. Ann. 100.
 

 
 *1064
 
 The plea of estoppel urged in this case was, therefore, erroneously sustained.
 

 2. The plea of
 
 res adjudicata
 
 filed in this court by plaintiff must also be overruled, as it is apparent that the defense in this suit is based upon a warranty
 
 specifically embodied
 
 in the written contract of sale, and not upon
 
 the verbal
 
 warranty of the capacity of the machine, urged by defendant in the prior suit.
 

 The two defenses, therefore, are not identical, nor is “the thing demanded” the same.
 

 “The thing demanded” in the first suit is the purchase price of a dragline machine; while “the thing demanded” in this suit is the price of machinery parts and repairs.
 

 “The authority, of the thing adjudged takes place only with respect to what was the object of the judgment.
 
 The thing demanded must be the same; the demand must be founded on the same cause of action;
 
 the demand must be between the same parties, and formed by them against each other in the same quality.” (Italics ours.) Rev. Oiv. Code, art. 2286; State v. American Sugar Refining Co., 108 La. 604, 32 So. 965.
 

 Judgment was rendered in the lower court in favor of plaintiff,, sustaining the plea of estoppel, and in the sum of $4,301.50, together with legal interest on the account sued for, at the rate of 5 per cent, per annum; and also maintaining the writ of attachment herein sued out, and recognizing and enforcing plaintiff’s privilege as attaching creditor on the property seized, according to law.
 

 It is therefore ordered that the judgment appealed from be annulled and reversed.
 

 It is now ordered that the plea of estoppel, as well as the plea of res adjudicata filed in this court, be overruled; that this case be remanded and proceeded with in due course and ifi accordance with the views herein expressed; and that plaintiff, appellee, pay the costs of appeal.
 

 O’NIELL, C. J., is recused.