ODOM, Justice.
 

 Charles H. Lawrence, Jr., brought this suit against Robert R. Stone, Robert J. Boudreau, the heirs and legal representatives of James G. Sutton, deceased, and the Sutton-Zwolle Oil Company, Inc., to recover $4,000, together with interest at 5 per cent from judicial demand.
 

 As a cause of action, plaintiff alleged that he was the owner of a final judgment rendered by this court on June 26, 1939, in the case of Lawrence v. Sutton-Zwolle Oil Co., Inc., et al., reported in 193 La. 117, 190 So. 351.
 

 The defendants in limine filed a plea of res adjudicata, based upon the contention that the judgment rendered by this court in the former suit had finally disposed of all the issues involved in the present suit adversely to the contention of the plaintiff. That plea was sustained by the trial judge, and plaintiff’s suit was dismissed. From that judgment plaintiff appealed.
 

 The trial judge, after quoting a portion of our decree in the former suit, said:
 

 “As this Court understands, a ruling on this plea involves merely an interpretation of the said .judgment of the Supreme Court. There is apparently no controversy over the fact that the thing demanded in the instant suit is the same in character as that demanded in the former suit, and founded on the same cause of action and involving the same parties.”
 

 
 *906
 
 Counsel for appellees, in support of their contention that the judgment of the lower court sustaining the plea of res ad judicata and dismissing plaintiff’s suit, cite Article 2286 of the Revised Civil Code; McNeely v. Hyde, 46 La.Ann. 1083, 15 So. 167; Lassus v. Clarke, 134 La. 865, 64 So. 801; Harnischfeger Sales Corporation v. Sternberg Co., 180 La. 1059, 158 So. 556.
 

 Article 2286 of the Code says that the authority of the thing adjudged “takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
 

 The language of this article of the Code is so clear and unambiguous that it needs no interpretation. If interpretation be needed, however, such is found in the above cited cases.
 

 The only question presented for decision in the present suit is whether the thing demanded, or object of the demand, is the same as that demanded in the former suit; whether the demand in the present suit is founded upon the same cause of action as the demand in the former suit, and whether the demand in the present suit is between the same parties and formed by them against each other in the same capacity.
 

 Plaintiff’s cause of action in the former suit is concisely set out in our former opinion [193 La. 117, 190 So. 352] as follows: '
 

 “For cause of action, plaintiff alleged that he procured the block of leases in controversy, covering and affecting certain lands situated in Township 7 North, Range 14 West, of Sabine Parish, Louisiana (hereinafter referred to as the Sabine leases), and, in order to have the same developed, some time during the month of October of 1937, he entered into a verbal agreement with the Sutton Company, represented by its board of directors and officers (Sutton, Boudreau, and Stone), whereby he agreed to assign the leases to the Sutton Company, the consideration therefor being the assumption by it of the drilling obligations of the several lease contracts, and, further, to reimburse plaintiff the expenses incurred by him in securing the leases, aggregating $770, and to pay him the additional sum of $50,000 out of the value of any oil, gas, or other minerals that might be produced from any of the lands covered by the leases; that on the 25th of October, 1937, he signed a sheet of paper prepared by Robert R. Stone as Secretary-Treasurer of the Sutton Company, which was explained to him at the time to be sufficient evidence to carry out the agreement to transfer the leases to the Sutton Company, but that on March 4, 1938, he was informed that there was placed of record in the conveyance records of Sabine Parish a document purporting to be an assignment by him of the several leases to Sutton, Botjdreau, and Stone individually, instead of to the Sutton Company; that upon investigation he discovered that Sutton, Boudreau, and Stone, intending to defraud him, altered and changed the instrument signed by him so as to indicate that the intended transfer was to be in favor of the individuals, and, further, that two paragraphs were added to the page signed by him
 
 *908
 
 describing certain mineral leases which he had never agreed to
 
 or
 
 intended to transfer either to the said individuals or the Sutton Company; that on February 3, 1938.Sutton, Boudreau, and Stone, pursuant to their conspiracy to defraud plaintiff, organized the Zwolle Company with themselves as the sole subscribers to the stock thereof and on the next day executed an act assigning the leases in controversy to the company in consideration of the issuance by it to each of them of 120 shares of its capital stock of the par value of $100. The plaintiff further alleged that he was persuaded by Sutton, Boudreau, and Stone, as officers of the Company, to consent to accept an oil payment of $4,000, plus $1,000 cash, instead of $50,000 as originally agreed, on the false representation by them that the corporation had entered into an agreement with William T. Burton to develop the leases jointly with the Sutton Company and that it could not carry out its agreement with him with regard to the $50,000 oil payment because of the objection of Burton thereto.”
 

 Plaintiffs prayer in that case was that he have judgment in his favor and against the
 

 “Sutton-Zwolle Oil Company, Inc., James G. Sutton, Robert J. Boudreau and Robert R. Stone,
 
 cancelling, annulling and setting aside that certain purported assignment to the said James G. Sutton, Robert J. Bou-' dreau and Robert R. Stone,
 
 *' * *
 
 and cancelling, annulling and setting aside the purported assignment of Febrwy 4th, 1938, from James G. Sutton, Robert J. Boudreau and Robert R. Stone to the SuttonZwolle Oil' Company, Inc.,
 
 * * * for judgment herein against said J. G. Sutton Oil Company
 
 recognizing the validity of the agreement originally entered into between petitioners and said J. G. Sutton Oil Company, Inc., with respect to the leases herein described and ordering the said J. G. Sutton Oil Company, Inc., to accept an assignment of said leases from petitioner in consideration of its obligation ter pay petitioner the sum of $50,000.00 out of any oil, gas or other minerals produced from said lands."
 
 (Italics ours.)
 

 From the pleadings and the prayer in the former suit, it is perfectly clear that plaintiff made no demand for the payment of any sum of money. The plaintiff demanded that he have judgment against the Sutton-Zwolle Oil Company, Inc., and against Sutton, Boudreau, and Stone, cancelling and annulling the assignment of the leases which hé made to said Sutton, Boudreau, and Stone, and for judgment cancelling and annulling the purported assignment from Sutton, Boudreau, and Stone to the Sutton-Zwolle Oil Company, Inc. He further prayed for judgment against the
 
 J. G. Sutton Oil Company,
 
 recognizing the validity of the agreement originally entered into between him and the
 
 J. G. Sutton Oil Company, Inc.,
 
 with respect to the leases, and ordering the said J. G. Sutton Oil Company “to accept an assignment of said leases from petitioner in consideration of its obligation to pay petitioner the sum of $50,000.00 out of any oil, gas or other minerals produced from said lands”.
 

 Clearly, petitioner did not demand in that suit the payment of the $50,000, but demanded that the contract in which it was
 
 *910
 
 stipulated that plaintiff was to be paid $50,000 “out of any oil, gas or other minerals produced from,said lands” be recognized and accepted by the J. G. Sutton Oil Company, to which company plaintiff alleged that he had as a matter of fact assigned the leases. At the time the suit was filed, no oil or gas had been produced from the leased premises, and therefore no amount of money was due plaintiff, since the contract provided that he was to be paid only in case of production. It was for that reason that plaintiff made no money demand.
 

 Plaintiff alleged that through false and fraudulent representations Sutton, Boudreau, and Stone had induced him to consent to accept a payment of $1,000 in cash and the sum of $4,000 to be paid out of oil produced, in lieu of the payment of $50,000 as provided in the contract. He alleged' that that agreement was null, void, and of no effect because of the false and fraudulent representations made to him by the parties, and made a tender to them in court of the $1,000 cash which he had received.
 

 Defendants in their answer alleged that plaintiff had agreed to accept the payment of $1,000 in cash and the additional sum of $4,000 to be paid out of oil or gas produced as consideration for his transfer of the leases to them, in lieu of the $50,000 stipulated in the contract. And they prayed for judgment in reconvention relieving them of the payment of the $4,000, alleging that plaintiff had not complied with his obligation to procure leases on 1,080 additional acres of land which he had agreed to procure. In ou;r decree we dismissed defendants’ demand to be relieved of the payment of $4,000.
 

 The present suit by plaintiff is against the heirs and legal representatives of James G. Sutton, deceased; Robert J. Boudreau, Robert R. Stone, and the Sutton-Zwolle Oil Company, Inc., to recover the $4,000 with interest. The thing demanded in this case is money — i.e., $4,000. No other demand is made.
 

 Clearly the object of the demand in the former suit was not the same as the object of the demand in the present suit. Furthermore, the demand is not between the same parties. The plaintiff here was the plaintiff in the former suit. In the present suit the demand is made against the heirs and legal representatives of James G. Sutton, deceased; Boudreau, Stone, and the SuttonZwolle Oil Company. In the former suit the demand was made ' not • only against these defendants but principally against the Sutton Oil Company, Inc., the demand against that company being that plaintiff’s contract with it, in which it agreed to pay to him $50,000 out of oil or gas produced, be recognized and enforced.
 

 In the present suit plaintiff alleged that, as a consequence of the interpretation placed upon his contract by this court in the former litigation, he “is the holder and owner of a final judgment in his favor and against James G. Sutton, Robert R. Stone, Robert J. Boudreau and Sutton-Zwolle Oil Company, Inc., decreeing him to be entitled to the payment of $4,000.00 by the above named parties out of the value of any oil, gas or other minerals produced from
 
 *912
 
 the lands covered by the aforesaid leases”. He further alleged that, since that case was decided, oil, gas, and other minerals, having a value in excess of $4,000 have been produced from the land, but that he had not been paid anything.
 

 As to whether plaintiff has a final judgment against these defendants for the $4,000 or whether he is entitled to recover that sum in the present suit, we express no opinion. That issue is not raised in the present case.
 

 For the reasons assigned, the judgment appealed from is reversed, the plea of res adjudicata filed by defendants is overruled, and it is ordered that the case he remanded to the district court to be tried and disposed of according to law; costs of this appeal to be paid by defendants, all other costs to await results.