Defendant herein, R.J. Newson, sued the plaintiff in the City Court of Shreveport, Louisiana, on rent account and judgment was rendered in his favor for $65 on October 2, 1941. On October 4th Newson caused writ of fi.fa. to issue on the judgment and the constable seized some office equipment, law books, etc., belonging to Richmond, the present plaintiff. The seized chattels were advertised for sale on December 20, 1941, and were sold by the constable on that date, after being appraised, and Newson became the purchaser, taking credit for his bid, less costs, on the judgment and writ.
The present suit was filed on November 30, 1942. Plaintiff attacks the constable's sale to Newson as being a nullity on three different grounds, to-wit:
"1. Failure to properly advertise the goods and articles seized.
"2. Failure to serve notice to appoint an appraiser.
"3. Failure of said notice to allow the two day delay period required by law."
Amplifying, plaintiff alleges that he was not served with a notice to appoint an appraiser and that such notice only issued on December 19th, the day before the sale was made; that he was entitled to service of the notice at least two days prior to the date of sale; that said notice was illegally served on December 19th, upon Alton M. Richmond, who was not plaintiff's agent for such service.
Defendant filed several pleas and exceptions, including a plea to the lower court's *Page 175 
jurisdiction and a plea of res judicata. The plea to the jurisdiction was sustained and suit ordered dismissed. On appeal to this court the judgment was reversed and the case remanded for further proceedings. When the case was again called up for action in the lower court, defendant reurged the plea of res judicata which was sustained and again was ordered dismissed. Plaintiff appealed to this court, the only question for decision being whether or not the plea should have been sustained.
Appellee filed a motion in this court to stay further proceedings. He alleges in the motion that this suit is the last of four between him and appellant, all of which, he alleges, involve the same issues; that a plea of res judicata was sustained in two of the other suits, but that the transcript in the present appeal does not contain the record in the other three suits, notwithstanding, he concedes, that they were introduced in evidence on trial of the plea of res judicata now before us; that until these records are produced and filed this court will not be in position to intelligently pass upon the judgment appealed from.
[1] The record in the fourth suit between these parties is in this court on appeal by Richmond from a judgment sustaining an exception of no cause of action and a plea of res judicata.23 So.2d 633. It bears No. 6832, and will be hereinafter referred to and identified by that number. On trial of the exception and plea in that suit the records in the first two suits, as well as that in the present appeal, were introduced in evidence. At present time the record in each of the four suits to which referred is now in this court and may be considered in disposing of the present appeal. No good purpose would be subserved by physically attaching these records to that in the present appeal. The motion to stay is without merit and is denied.
[2, 3] In the fourth suit between these parties, being No. 6832, in which judgment is this day rendered, 23 So.2d 633, the constable's sale is attacked on the same grounds as are set up in the present case. The second suit was dismissed on exception of lis pendens. The judgment is now final as it was not appealed from and more than one year has elapsed since it was signed. The first suit simply involved Newson's right to a money judgment against Richmond on rent account. Therefore, appellee is in error in saying that the issues in the present case have been twice adjudged in other cases between the parties.
[4, 5] The judgment in said suit No. 6832, of course, is not final. It, therefore, cannot at this time serve as the basis of a plea of res judicata in another suit between the same parties. To constitute res judicata a judgment of necessity must have become final; no appeal therefrom may be possible. These conditions do not exist in the present case. See: Code of Practice, Article No. 539; Civil Code, Article No. 2286; Lassus v. Clarke, 134 La. 865, 64 So. 801.
The judgment sustaining the plea of res judicata, appealed from, is erroneous, and it is now annulled and reversed. This case is remanded to the lower court for further proceedings. Appellee herein is cast for costs of appeal to this court; fixing of liability for other costs will await final judgment in the case.
KENNON, J., takes no part.