This is the fourth suit between the parties thereto, both attorneys of the Shreveport Bar, filed within a period of two years and two months, growing out of a rent claim of only $55.
Defendant obtained judgment against plaintiff in the City Court of Shreveport for $65, on rent account which was reduced to $55 on appeal to the District Court. He sued out a writ of provisional seizure under which the constable seized all of the fixtures, equipment and law books of plaintiff herein, part of which was in the office rented to plaintiff by the defendant and part in defendant's home, in the City of Shreveport, to which he had forcefully removed it.
On the second day after the judgment was signed, in the City Court, Newson caused execution to issue thereon under which all of the property previously seized by the constable was reseized and advertised for sale on December 20, 1941. Newson became the purchaser of the property at constable's sale for $70, an amount barely in excess of two-thirds of the appraisement. However, plaintiff was not notified of the sale nor was he notified to appoint an appraiser; and appointed none.
The present suit was filed November 13, 1943. Plaintiff, in a petition of 53 articles, covering 24 pages in small pica type, makes various and sundry charges against the validity of the constable's sale of his property, and inter alia, prays that it be annulled and the property restored to him. He charges that Newson acted maliciously, *Page 634 
tortiously and illegally in taking possession of some of the chattels without legal process, and in like manner acted in procuring issuance and execution of the writ of provisional seizure; in causing issuance and execution of fi.fa. prematurely; in causing the sale of the property by the constable without notifying him that the property was advertised and/or to appoint an appraiser; in seizing and selling property that was exempt from seizure and sale under Article No. 644 of the Code of Practice, because such property constituted the tools, instruments and books necessary for the exercise of his, plaintiff's, calling, trade and profession, and by which he earned a livelihood; and that seizure and sale of the exempted property prevented him from conducting the practice of law.
Plaintiff alleges that on account of the illegal, tortious and malicious acts and actions of Newson in the respects above named, and in other respects detailed in the petition, he has sustained damages in the sum of $36,500, consisting of the following items, for which judgment is prayed:
a. For humiliation, mortification and injury to social and professional standing ................ $ 3,500.00 b. For injury to credit and finan- cial standing ........................ 1,500.00 c. Injury to health and physi- cal suffering, necessitating hospitalization and confine- ment for one year .................... 5,000.00 d. Loss of use of sight for eight months ............................... 2,500.00 e. Permanent injury to health and eyes ............................. 5,000.00 f. Shock, mental anguish and distress ............................. 3,500.00 g. Detention and loss of use of property ............................. 3,000.00 h. Impairment to earning ca- pacity ............................... 10,000.00 i. Attorney's fees to recover the property unlawfully taken from petitioner and to pros- ecute this suit ...................... 2,500.00 ---------- Total ............................ $36,500.00
The lower court sustained an exception of no cause of action and a plea of res judicata filed by defendant, and dismissed the suit. Plaintiff appealed to this court.
Appellee filed motion to dismiss the appeal on the ground that this court is without jurisdiction ratione materiae.
Obviously, plaintiff, to a large extent, has exaggerated the damages he has sustained (if any) because of the alleged malicious, tortious and illegal acts and actions of the defendant in the respects upon which alleged; but we are not prepared to say that the exaggeration begins at a figure less than $2,000; and for this reason, we have reached the conclusion that the motion to dismiss is well founded. But we shall not dismiss the appeal, and shall transfer it to the Supreme Court of Louisiana.
For the reasons herein assigned, the appeal in this case is transferred to the Supreme Court of the State of Louisiana, and plaintiff, appellant, is allowed 60 days from finality of this order in which to perfect the appeal in that court by the filing of the proper number of transcripts; and in the event he fails to comply with this order in this respect, he will be conclusively presumed to have abandoned his appeal, and the same for all legal purposes will be deemed dismissed.
KENNON, J., takes no part.