### TRAHAN *vs.* McMANNUS ET AL.

APPEAL FROM THE COURT OF THIRD DISTRICT, THE JUDGE OF THE SECOND PRESIDING.

Amendments are not matters of course, and cannot be made without leave of the court, or consent of the party—if they be, they cannot be noticed.

If it appear from the pleadings or evidence, that both parties claim under the same title, neither will be permitted to attack it.

A creditor at whose suit the property is sold, cannot treat the conveyance as a nullity. If the alienation be in fraud of his rights, he ought to bring an action to set it aside.

A donation, under the form of an onerous contract, is not void.

An affidavit for a continuance, setting forth that the party is informed and verily believes, is insufficient if it does not contain the name of the informer.

2L 209
50 1038,
51 318
2L 209
52 934

This was a petitory action, in which both parties set up title to the land in controversy. The plaintiff set forth in his petition, that he was the legal owner, by virtue of a conveyance from Wesley Trahan and wife, executed on the 19th of June, 1812. That possession accompanied the sale which he held, until 1817, when he was interrupted. That the defendants were in possession without title, against whom he prayed a decree for the land, and damages for its deten-

Z

tion. On the record appeared a supplemental petition, in which the plaintiff set forth, that Trahan and wife, under whom he claimed, derived title from Zadock Brashears. This document bore no date of filing, nor did it appear put in by leave of the court.

One of the defendants (Sandiford) disclaimed title, and M'Mannus pleaded, first, the general issue ; second, actual possession for more than twelve months, by virtue of a just and legal title ; third, fraud and a want of consideration in the conveyance from Trahan and wife to the plaintiff ; fourth, title from Gordon, in whom was vested the right of Zadock Brashears, the original grantee under the Spanish government; and, further, in case of eviction, he prayed judgment for the value of his improvements.

The plaintiff introduced, first, the act of sale, under private signature, from Zadock Brashears to Wesley Trahan and wife, dated May 3, 1811, and recorded on the 19th of August following ; second, act of sale, under private signature, from Wesley Trahan and wife, to the plaintiff, dated the 19th of June, 1812, and recorded August 1st following, and proved that he took possession immediately after the sale from Trahan and wife.

On the part of the defendant, it was shown that the disputed premises had been sold by the sheriff, in 1817, to satisfy a judgment which one Davenport had obtained against Zadock Brashears and Wesley Trahan. That Kirkland became the purchaser, and, at a probate sale of *his* estate, it was adjudicated to Gordon, who conveyed to the defendant. The court below permitted the plaintiff to prove, that the defendant purchased with a full knowledge of the plaintiff's claim, but would not allow the defendant to introduce any evidence as to fraud or want of consideration, on the ground : first, that contracts recorded could not be attacked as fraudulent *exparte*, and collaterally in a suit where the vendors, to neither of the deeds, were parties ;

Eastern District,
*February*, 1831.

TRAHAN
*vs.*
M'MANNUS &

second, that the proper remedy would have been by action of nullity against the original contracting parties. To this opinion of the court, the defendant excepted, and also to the refusal of the judge to charge the jury :

First, that before the promulgation of the new Civil Code, lands transferred by act under private signature, were subject to be seized and sold under execution issued against the ostensible vendor ; second, that parish judges had no authority to record acts under private signature, so as to give them date and validity against third persons, unless they were, previously to such recording, duly acknowledged by the parties ; third, that if the jury believed that no consideration was given by Wesley Trahan and wife, for the tract of land in contest, but should, on the contrary, believe, from the testimony, that it was intended by Zadock Brashears as a donation, it was a nullity, unless passed by authentic act and accepted in precise terms by the donees ; fourth, that it was incumbent upon the plaintiff to show, that the acts were recorded before the seizure and sale by the sheriff. There was a verdict for the plaintiff, and a motion for a new trial, on the affidavit of the defendant, that "he had been informed and believed" one of the jury had been guilty of acts of misconduct. Motion overruled and the defendant appealed.

*Turner*, for appellant, made the following points :

1. There is error apparent on the face of the record in taking notice of a supplemental petition not filed, nor admitted by leave of the court and not answered.—8 *Martin*, *N. S.* 510.

2. The bill of exceptions taken by defendant should have been sustained, and the evidence as to fraud and want of consideration received.—Starkie, vol. 1, part 2, p. 126, sec. 15.—3 Starkie, part 4, p. 1300.—8 Martin, N. S. 475.—8 do. 95—2, do. 13,—8 do. 565.—Ibid 396.—C. C. 1915 1914, 8 Martin's Old Series, 61 to 66.—8, N. S. 126. Old Code, p. 306, art. 228.

TRAHAN
*vs.*
M'MANNUS & AL

3. Motion for a new trial improperly overruled.

4. The defendant having shown a possession of more than twelve months, under an authentic deed, is entitled to be maintained therein, as the plaintiff has shown no title in law sufficient to oust him.

*Morgan,* contra :

1. This court cannot reject the amended petition, because it appears the court below was requested to receive it, and no objection was made at the time.

2. The sale from Trahan and wife to the plaintiff, although an act under private signature, is good against the present defendant ; first, because it was accompanied by actual possession, from and after its date : second, because it appears to have been recorded before the sale made by the sheriff, and thus operated as public notice to all persons concerned, and gives date to the sale.—8 *Martin, N. S.* 674.

3. The defendant is not a possessor in good faith, and, therefore, not entitled to the value of his improvements.

4. The verdict of the jury is good as a general verdict. It gives to the plaintiff only the land, without allowing him, for the rents and profits, and it denies to the defendant the claim set up for the value of his improvements.

*Porter, J.,* delivered the opinion of the court.

This is a petitiory action. In the petition, the plaintiff states his title to be derived from Wesley Trahan and Delia Trahan, who sold to him on the 19th June, 1812, and he further states, that he took possession at the date of the sale, and kept it up to the year 1817 : that at that time, he was interrupted in the enjoyment of the premises, and has been so ever since : and that, at this moment, the land is in possession of McMannus and Sandiford, the defendants. Restitution of the property, and damages for its detention, are prayed.

Sandiford answered, by disclaiming title, and stating that he was the overseer of McMannus.

McMannus pleaded the general issue—possession of more than twelve months by virtue of a bona fide title—fraud in the conveyance under which the plaintiff holds—want of title in the persons who made it—and, further,

Eastern District,
*February* 1831.

TRAHAN
*vs.*
M'MANNUS & AI

That the land he occupies made a part of a larger tract, granted to one Zadock Brashiers : that in November, 1816, a final judgment was rendered against Brashears and Wesley Trahan, under whom an execution issued and the premises in dispute were seized and sold, and that they were bought by William Kirkland, whose title is now vested in the defendant.

The plaintiff afterwards attempted to amend his petition, and it appears that he made a motion in court to obtain permission to do so.

No order was taken on this motion, nor does the *amended petition* appear to have been ever filed with the clerk. How the document which is entitled such, got into the record, we do not know, but it cannot be considered as a part of the pleadings. Amendments are not a matter of course. The leave of the court must be obtained, before they can be filed—and without that leave or the consent of the adversary, they make no part of the proceedings in the cause, and cannot be noticed here.

Amendments are not matters of course, and cannot be made without leave of the court or consent of the party—if they cannot be noticeo.

But the admission or rejection of this amendment, does not materially affect the rights of the parties. It makes a part of the defence, that Wesley Trahan, who sold to the petitioner, had no right in the soil as derived from the United States. To this it is answered, that the record establishes the fact, of both plaintiff and defendant claiming under the same person, and that the latter cannot be permitted to dispute his own title. The correctness of this argument, in its application to the case before us, has been resisted, on the ground, that the pleadings do not shew the parties claim under the same persons. In our judgment, it is immaterial whether the pleadings shew the fact or not, provided the

If it appear from the pleadings or evidence, that

Eastern District,
*February* 1831.

TRAHAN
*vs.*
M'MANNUS & AL

both parties claim under the same title, neither will be permitted to attack it.

evidence does.   It certainly would have been more regular for the petitioner to set out the different conveyances from the grantee of the land down to those under whom he held, though we are not prepared to say it was indispensable. But the irregularity, if it was one, was cured by the introduction of evidence without any opposition being made, on the ground of variance from the allegations in the petition. We conclude, therefore, the judge below did not err in deciding that the right of Brashears, under whom both parties claim, could not be a subject of inquiry in this suit.   The facts of the plaintiff claiming under Trahan, who claims under Brashears, and that the defendant claims under a conveyance of the joint right of Trahan and Brashears, merely shew, that the parties reach the same source, through different channels.

The case appears to have been greatly litigated in the court below, and no less than fourteen bills of exceptions were taken on the trial.   Our view of the case renders it unnecessary to express an opinion on them; for admitting the defendant was correct in those he took, in relation to the attempts to establish that the deed to the plaintiff was a public act, still we think the plaintiff must recover.   He claims under a deed from Trahan and wife.   The defendant sets up title under a sheriff's sale, subsequently made in virtue of a judgment against Brashears and Trahan.   The first is attacked as fraudulent; and a great deal of the difficulty which attended the investigation in the inferior court, arose from an attempt to sustain that allegation.   We think there is full and satisfactory proof on record, free from all technical objections, that the act under *sous seing privé*, was made at the time it purports, and that the possession under it was such as gave notice to the world.   Under these circumstances, it would be doing worse than a vain thing to remand the cause; it would be accumulating costs unnecessarily on the defendant.   The creditor at whose suit the property

A creditor at whose suit the

Eastern District,
*February* 1831

TRAHAN
*vs.*
M'MANNUS & AL

was sold, was not authorised to treat that conveyance as a nullity, and seize and sell the property. If the alienation to the plaintiff was in fraud of his rights, he should have brought an action to set it aside.

There are, however, one or two bills of exceptions which it is proper to notice.

The defendant requested the judge to charge the jury, that if they believed the deed from Brashears to Trahan and wife, was a disguised donation, the same was a nullity unless passed by authentic act, and accepted in precise terms by the donees. This charge the judge refused to make, and an exception was taken to his refusal.

In our opinion he did not err. The opinion called for, embraced the question, whether a donation under the form of an onerous contract, was null and void. This our code has not said. It does not declare that *all donations* shall be made by public act, and accepted in precise terms under *peine de nullite.* It says, *all acts containing donations,* shall be null and void, unless they pursue the form indicated. An instrument which expresses a sale for value received, contains no donation. This article of our Code is taken from the 931st of the Napoleon, and corresponds with it, which again is *verbatim* a copy of the ordonnance of 1731. In relation to the latter, *we have the interpretation of the framer, Chancellor D'Agusseau,* that it did not apply to instruments which had the form of an onerous contract. That interpretation, though adopted at first with some hesitation in reference to the Napoleon Code, has finally been received and is now the settled jurisprudence of France. The act, it is true, may be attacked if it be in fraud of creditors; or it may be reduced, if more than the disposable portion is given; but it is not void, because there is a failure to express that a donation is made. When we consider the particular phraseology of the enactment, it is difficult to come to any other conclusion. The prohibition does not extend to the

property is sold, cannot treat the conveyance as a nullity. If the alienation be in fraud of his rights, he ought to bring an action to set it aside.

A donation under the form of an onerous contract is not void

HARVARD
LAW SCHOOL
LIBRARY

TRAHAN
vs.
M'MANNUS & AL

contract, but to the instrument which is the evidence of it. If the legislature had intended to prohibit all donations, except those by public act, it must be presumed they would have said so, and would not have limited it to *acts which contain them*. A benefit, disguised under the form of an onerous contract, is an indirect donation, and it is not contained in the act but arises from evidence *dehors* it. *Toullier, Liv.* 3, *tit.* 1, *cap.* 6, *No.* 474. *Ibid Liv.* 3, *tit* 2, *cap.* 4, *Nos.* 172 *and* 476. *Œuvres D'Agusseau, no.* 9, 361. *Sirey, vo.* 15, 42—*ibid* 16, 383—*ibid* 18, 383.

' An affidavit for a continuance setting forth that the party is informed & verily believes, is insufficient if it does not contain the name of the informer.

Annexed to the motion for a new trial was an affidavit of the defendant, that he had been informed and believed, some of the jury had been guilty of acts of misconduct. The refusal of the judge to grant a new trial, on this allegation, is one of the errors complained of. We think, however, he did not err. The affidavit does not disclose the name of the person who gave the information, and it *is* indispensible it should. Such was the law previous to the passage of the Code of Practice, and nothing in that work has changed it. The affidavit must be sufficiently specific to enable the state to prosecute the affiant for perjury, if he should swear falsely. It would be impossible to do so where the oath is, *he has been informed and believes,* without saying who informed him; for the allegation is not susceptible of being disproved—3 *Martin.*

We think the judgment is erroneous in concluding the party on the question of fraud; and it is silent where it should not be, on a matter put at issue by the pleadings; namely, the value of the improvements, and the rents and profits.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed; and it is further ordered and decreed, that the petitioner do recover of the defendants the land claimed in the petition, reserving, however, the right of the latter, to show fraud in

the sale from Trahan and wife to the petitioner, if an action be instituted to annul the conveyance on that ground. And it is further ordered, that the case be remanded to the court below, for an inquiry into the value of the improvements put on the premises while the defendant was in good faith; and that, should the court decide that good faith terminated before judgment, that the value of the rents and profits be then investigated. The appellee to pay the costs of this appeal.