MERRIT GRANDISON KEMP, and others, Heirs, *v.* ABNER WOMACK.

Where both parties claim under the same person, neither can dispute his title.

A remission, in the court below, of the amount of damages allowed by the jury, will stop the party from setting up any claim for damages in the appellate court.

A and B sue as heirs, and judgment in favor of A and against B. Defendant alone appeals, alleging in his petition that he complains only of so much of the judgment as was in favor of A. On the trial of the appeal, B intervened. *Held,* that not having appealed, he cannot interfere without the consent of the defendant: and that so much of the judgment only as was in favor of A, is before the court.

APPEAL from the District Court of St. Helena, *Jones,* J.

*J. P. Bullard,* for the plaintiffs.

*Preston,* for the appellant.

GARLAND, J. Merrit Grandison Kemp, and Virginia Caroline Kemp, represent themselves as the legal heirs of David Kemp, deceased, by right of representation of their father, Thomas Kemp, deceased, who was a brother of David. They claim one undivided fifth of a number of slaves in possession of the defendant, and the

value of their services for six years and six months, previous to the institution of this suit, which they say was five hundred and twenty dollars. The defendant says, that neither the plaintiffs, nor those under whom they claim, ever had any right or title to the negroes described in the petition. He further avers, that he has had open, unequivocal, and public possession of said slaves as owner, for upwards of nineteen years, without interruption; wherefore he pleads the prescription of five, ten, and fifteen years.

The evidence shows that the slaves in controversy, or those from whom they descended, were in the possession of David Kemp as owner, previous to his death, about the year 1820. He had inherited one or more of them from Jonathan Kemp, who died possessed of them as owner. After the death of David Kemp, the slaves went into the possession of Isaac Kemp, from whom the defendant got them in a manner not clearly explained, though it may be inferred, by purchase, as a witness says that he told defendant, after he had made the first payment for the slaves to Isaac Kemp, that he had better not pay the balance, until the estate of David Kemp was settled, as 'the title might not be good, if that estate should prove insolvent. It is further proved, that the defendant has been in open and undisguised possession since the year 1821. The plaintiffs were minors at the death of David Kemp, one of them being born about Christmas, in the year 1817, the other about two years previous.

The heirs of Asa Kemp, another brother of David Kemp, were also plaintiffs in this suit. In relation to them, besides the facts already stated, it is in evidence that they were never residents of this state, and were of age at the time of the death of their uncle, whose heirs they claim to be.

There was a verdict and judgment in favor of the heirs of Thomas Kemp, for one-fifth of the slaves in possession of the defendant, and for thirteen dollars and thirty-three cents damages as hire; and against the heirs of Asa Kemp. The latter moved for a new trial, which was overruled. The defendant appealed from so much of the judgment as was in favor of the heirs of Thomas Kemp. The heirs of Asa Kemp have taken no appeal, but appear in this court, and claim a reversal of the judgment against them, and ask for a judgment in their favor for one-fifth of the property in contro-

versy. Previous to signing the judgment, the plaintiffs, M. G. and V. C. Kemp, entered a remission of the damages in favor of the defendant.

There is no question raised as to the heirship of the plaintiffs representing Thomas Kemp, or as to his being a brother of David, who died without ascendants or descendants. That the slaves were in the possession of David Kemp as owner, at the time of his death, is, we think, clearly shown; and that the defendant acquired them through Isaac Kemp, another heir, is equally clear. The defendant exhibits no title, but relies upon the objection, that the plaintiffs show no legal title in David Kemp, and the prescription of fifteen years.

As to the first objection, we are of opinion, that the evidence shows, that the slaves were in the possession of David Kemp, as owner, at the time of his death. He is therefore the author of the titles under which both parties claim, and neither can dispute his title, according to the well settled principles of our jurisprudence. 1 Martin, N. S., 577. 4 Ib., 402. 2 La., 209–213. 8 La., 234, 241.

The defendant relies upon articles 3465, 3466 of the Civil Code, to sustain his plea of prescription, and he would be protected by them, if no cause were shown to suspend or interrupt the prescription. But it is proved, that Merrit G. Kemp did not arrive at the age of majority until the month of December, 1836, and his sister not until about two years thereafter. This suit was commenced on the 30th of April, 1841. These plaintiffs are therefore within the article 3488 of the Code, which suspends the prescription as to them during their minority. This view of the case renders it unnecessary to consider, what effect the institution of the suit for partition, commenced in 1834, between these and other parties, may have upon the question.

The counsel for the plaintiffs has insisted, in this court, upon having the judgment amended in their favor, so as to allow hire for the slaves, from the time the suit was commenced in the Probate court, in 1834, as they say that the defendant was a possessor in bad faith from that time. Upon this point, it is only necessary to observe, that the plaintiffs have, in our opinion, renounced their claim for damages or hire, by entering a remission of the amount allowed by the jury that tried the cause.

As to the plaintiffs, claiming as heirs of Asa Kemp, we do not think that they are properly before us. They have taken no appeal from the judgment rendered against them. The defendant, in his petition of appeal, says that he complains only of that portion of the judgment which is in favor of the heirs of Thomas Kemp, and that only is before us. There is no law to authorize such an interference, as is claimed by Asa Kemp's heirs, without the consent of the defendant. The law prescribes a mode, by which they can obtain redress, if they are entitled to it; but they cannot do so, in the mode in which they now seek it.

*Judgment affirmed.*