SUSAN GIRAULT *v.* JAMES E. ZUNTZ.

Where a party has expressly recognized the title of another to property, and thus estopped himself from questioning the validity of such title, a party holding the same property under him as vendee must be held to a recognition of that title, and must show that he has acquired the same, or fail in maintaining his right to the property.

If either the pleadings or evidence show that both parties trace their titles to the same source, neither will be permitted to attack the title of their common author.

A party cannot controvert the title of one under whom he claims.

In order to prescribe for a slave in five years, by adding the possession of the vendor to that of the vendee, it is necessary that the vendor as well as vendee should have held under a just title as owner.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J. *J. D. Mayes*, for plaintiff. *Mott & Fraser*, for defendant and appellant.

MERRICK, C. J. "This is a petitory action against *Zuntz*, the defendant, who is in possession of the slave in controversy, claiming title by purchase from *Wm. G. Kendall*, 2d July, 1856.

"The plaintiff represents, that in the year 1843, she, through her agent, *Wm. G. Kendall*, purchased at Sheriff's sale, in the county of Tallahatchie, State of Mississippi, in the suit of *Walter Hickey* v. *James A. Girault*, her husband, a number of slaves, among which was a woman named *Eliza*, and her child *Joe*, the slave in controversy in this suit; that she, by virtue of said purchase, became vested with the title of the slave *Joe*. That on or about the 23d October, 1846, *Wm. G. Kendall* obtained possession of her slave, *Joe*, from her husband, *James A. Girault*, who, at the time, received from said *Kendall* the sum of $300 ; and that said *Kendall* immediately removed said slave to New Orleans, or the Bay of Biloxi, before she received any intelligence of the transaction ; and that she never

did consent thereto, or make any contract with said *Kendall*, or receive, directly or otherwise, a cent for her slave. That said *Kendall*, at the time of receiving said slave from her husband, executed and delivered to him the writing marked *A*, as follows :

'Tallahatchie Co., Miss., 23d Oct., 1846.

'I, *Wm. G. Kendall*, have this day advanced to *Mrs. Susan Girault* the sum of $300, upon a certain negro boy named *Joe*, five years old, and black complexion, and the son of *Old Billy*, formerly belonging to *James A. Girault*, which said sum of money, if returned at any time. with ten per cent., within five years, the said boy is to be delivered to the said *Mrs. Susan Girault*, or her agent. I also bind myself to clothe, feed and pay all doctor's bills for said boy ; also be responsible for the said delivery, to the said *Mrs. Girault*, of said boy.'

(Signed)      'W. G. KENDALL.'

" It is contended, that the title of the plaintiff to the slave *Joe* is shown by the execution in the case of *Hickey* v. *Girault ;* and also, that the above recited instrument made by *Wm. G. Kendall*, the vendor of defendant, *Zuntz*, contains an admission of the title of plaintiff, three years after said purchase at Sheriff's sale, in 1843.

" The answer denies generally, the allegations of the petition, and specially, that defendant owns or possesses any slave that belongs, or ever did belong, to plaintiff ; but avers, ' that if the said plaintiff ever did have title to any slave in the possession of defendant, said title was so held by her in fraud of the rights of the creditors of her said husband, who was then insolvent ; that, by the laws of Mississippi, where she and her said husband resided, and where she pretends to have acquired the slave *Joe*, she could not acquire property from her husband, either directly or indirectly ; and, that the agency of the said *Kendall*, if there ever was such agency, which is denied, was for the purpose of defeating the provisions of the law, and to enable her, moreover, to acquire property in contravention thereof.'

" And respondent further avers, that any sale or proceeding between *James A. Girault* and *W. G. Kendall* was legal and valid, and shows that said *Girault* was the real owner of the property sold—the said *Girault* having always been in possession of the said slave as owner ; that the loan of money set forth was a good and legal loan, and should be decreed to be returned, if the said slave *Joe* should be proved to be identical with said agreement, which is, however, denied."

The defendant " pleads prescription " generally, without designating the particular prescription on which he relies.

Suit was brought in March, 1858.

The defendant and appellant contends in this court, that the judgment on which the execution was issued, under which the slaves of *James A. Girault* were sold, had been extinguished by payment previously, and inasmuch as the plaintiff's agent, *W. G. Kendall*, was aware of the fact, her pretended purchase was fraudulent and void. But it must be borne in mind, that the money made at said sale (as it appears by the return) was applied to other executions, except three dollars and fifty cents applied to the costs.

Again, *W. G. Kendall*, through whom defendant claims, has recognized plaintiff's title in the act which he has signed. As *W. G. Kendall*, therefore, could not be permitted to question the plaintiff's original title, so also his subsequent vendee must be held to a recognition of that title, and to show that he has acquired the same, or he must fail in his defence to the action ; for it is well set-

GIRAULT
*v.*
ZUNTZ.

tled, that if either the pleadings or evidence show that the parties trace their titles to the same source, neither will be permitted to attack the title of their common author, and that a party cannot controvert the title of one under whom he claims. *Crane* v. *Marshall*, 1 N. S. 577 ; *Verret* v. *Candolle*, 4 N. S. 402 ; 8 La. 237 ; *Hughes* v. *Barrow*, 4 An. 250 ; *Kemp* v. *Womack*, 1 Rob. 369 ; *Cotton* v. *Stacker*, 5 An. 677.

As it respects the question of prescription, it is also clear that *W. G. Kendall* had not acquired the property by prescription at the time he sold to the defendant. He could not be considered as holding under a just title as owner, and hence, his possession cannot be added to that of the defendant. C. C. 3450, 3451, 3456. See also N. Martin 289.

This case differs from *Reynolds* v. *Batison*, 11 An. 729, in this, that the defendant in the latter case had held as owner, under a title translative of property, and in good faith, for more than five years previous to the commencement of the suit. In the case before us, *Kendall's* title was not translative of property, and he did not, in fact, (as shown by the instrument signed by him,) possess as owner, but for another, and the defendant's title and possession were acquired only about two years previous to the commencement of the suit.

The defendant has shown no transfer or subrogation to *Kendall's* demand for $300 and interest, and therefore, he cannot demand a judgment for the same, even if it be conceded that the claim ever existed against the plaintiff.

Judgment affirmed.