(44 South. 265.)

No. 16,531.

KEATING v. WILBERT et al.

(June 17, 1907.)

1. ESTOPPEL—ESTOPPEL BY DEED—PERSONS ESTOPPED—MORTGAGEES AND GRANTEES.

Where a party buys property from a married woman, he cannot, when sued by her to annul the contract, set up that the property never belonged to her, but to the community existing between her and her husband at the time of the purchase. Harang v. Blanc, 34 La. Ann. 632.

2. HUSBAND AND WIFE — LIABILITIES OF WIFE—DEBTS OF HUSBAND.

The wife cannot bind herself or property for a debt of the husband. Id. Rev. Civ. Code, art. 2398.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Husband and Wife, § 671.]

(Syllabus by the Court.)

Appeal from Twenty-Seventh Judicial District Court, Parish of Ascension; Paul Lêche, Judge.

Action by Sarah Rhodes Keating against the John Wilbert and the A. Wilbert's Sons Lumber & Shingle Company. Judgment for plaintiff, and defendants appeal. Affirmed.

Edward Blount Talbot and Edmund Maurin, for appellants. Walter Lemann, Edward Nicholls Pugh, Richard McCall McCulloh, and Gustave Adolph Gondran, for appellee.

LAND, J. Plaintiff, a married woman, sued to annul a conveyance made by her to the defendant Wilbert of certain real estate situated in the town of Donaldsonville for the purpose of securing a debt of her husband. The transfer was in the form of a cash sale by authentic act; the husband signing "to authorize" the wife. On the same day the parties executed a counter letter, declaring that the sale was for the purpose of securing a debt of the husband arising from a shortage in his accounts as manager of the Wilbert's Sons Lumber & Shingle Company, and binding the vendee to reconvey the property to the vendor on payment of said indebtedness.

The only defense urged is that the property belonged to the community, and that the transfer signed by the wife and husband passed the title subject to the conditions set forth in the counter letter.

On the trial of the cause all evidence offered by the defendant to prove that the property belonged to the community as alleged in the answer was ruled out, and there was judgment in favor of the plaintiff annulling the sale and condemning the defendants to pay rents. Defendants have appealed.

The only question before us is whether the defendant, as vendee, is estopped by the act of sale and counter letter from disputing the title of his vendor, plaintiff herein. The judge held that he and his assigns were so estopped on the authority of the case of Harang v. Blanc, 34 La. Ann. 632. That case is directly in point, and the principle decided is correctly expressed in the syllabus as follows:

· "Where a party buys property from a married woman, he cannot, when sued by her to annul the contract, set up that the property never belonged to her, but to the community existing between her and her husband at the time of the purchase."

The court applied the maxim that "a party cannot controvert the title of one under whom he claims," citing Girault v. Zuntz, 15 La. Ann. 684; and further said:

"In this case the only title that defendant can assert to the property is that derived from the plaintiff. She sold it to him, and he bought from her, and so declared in the deed. The husband did not join in the sale of this interest, but merely authorized his wife to sell."

In the case at bar the deed further described the lot of ground as "being the same property acquired by Mrs. J. M. Keating as per act of sale recorded in Conveyance Book 40, 445, "which deed recited that the property was purchased with money inherited by Mrs. Keating from her father and other deceased relatives. There is no allegation of fraud or error in the answer, and the defendant had full opportunity to examine the title of the vendor.

In Krouse v. Neal, 42 La. Ann. 950, 8 South. 471, there was no objection to evidence to prove that the property belonged to the community. On the facts the court, in that case, annulled the sale made by the wife to secure a debt of the husband.

In Duruty v. Musacchia, 42 La. Ann. 358, 7 South. 555, the prospective purchaser refused to accept the title tendered by the wife. Hence there was no estoppel by deed.

The Harang Case has never been overruled or modified, and is in accord with the principle of universal jurisprudence that:

"A vendee who goes into possession cannot dispute the title of his vendor while he remains in possession." Herman on Estoppel, p. 809.

In the instant case the defendant has no other title than the one derived from Mrs. Keating, and that title both the purchaser and the husband are estopped to dispute.

That a married woman cannot bind herself or her property for the debt of her husband in codal law. Rev. Civ. Code, art. 2398.

Judgment affirmed.