(105 So. 36)

No. 25252.

CONSOLIDATED-PROGRESSIVE OIL CORPORATION et al. v. STANDARD OIL CO. OF LOUISIANA.

(April 27, 1925. Rehearing Denied June 22, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Estoppel** ⬉29(1)—**When parties are precluded from attacking title of common author stated.**

Where either the pleadings or the evidence show that the parties trace to the same source their title to the subject-matter in controversy, neither party may attack the title of the common author.

2. **Estoppel** ⬉29(1)—**Party cannot controvert title of one under whom he claims.**

Party cannot controvert title of one under whom he claims.

3. **Vendor and purchaser** ⬉189—**Sales; purchaser going into possession cannot dispute title of vendor while he remains in possession.**

Purchaser going into possession cannot dispute title of vendor while he remains in possession.

4. **Estoppel** ⬉29(1)—**Party estopped by deed cannot impugn validity of title of common author, either under pleadings or evidence, when either shows origin of title in same source.**

Party estopped by deed cannot impugn validity of title of common author, either under pleadings or evidence, when either shows origin of titles in same source.

───────────────

[1] Ante, p. 974.

**5. Estoppel ☞29(1) — Defendants held estopped by deed from disputing title of plaintiff as common author.**

Where the pleadings showed that defendant company and its codefendant company, its immediate assignor, derived their title to oil lease from plaintiff company, doctrine of estoppel by deed applied, and neither defendant could dispute the title of its common author.

**6. Mines and minerals ☞74—Tender held not required, in suit to set aside, for fraud, sale of lease.**

Tender of price received is not required, in suit to set aside, for fraud, sale or assignment of oil, gas, and mineral lease.

**7. Corporations ☞513(4) — Allegation held equivalent to averment sale price of lease rights, received by plaintiff's president, was not accepted by plaintiff company.**

Allegation that fraudulent act of plaintiff's president, in assigning a lease in controversy to codefendant has never been ratified by plaintiff company, *held* equivalent to an averment that no part of the purchase price received by plaintiff's president was accepted by plaintiff.

**8. Pleading ☞46 — Exception of misjoinder held without merit.**

Exception of misjoinder, based on inadvertent omission of name of coplaintiff from first paragraph of original petition, alleging sole ownership in plaintiff of cause of action, *held* without merit, where the petition in another paragraph and in the prayer disclosed plainly coplaintiff's interest in the cause of action.

Thompson, J., dissenting.

Appeal from Third Judicial District Court, Parish of Claiborne; J. E. Reynolds, Judge.

Suit by the Consolidated-Progressive Oil Corporation and another against the Standard Oil Company of Louisiana. From an adverse judgment, plaintiffs appeal. Judgment annulled and reversed, and cause remanded, with directions.

Huey P. Long, of Shreveport, for appellants.

Wilkinson, Lewis & Wilkinson, of Shreveport, amici curiæ, for McGowan and Atlas Oil Co.

T. M. Milling and F. L. Hargrove, both of Shreveport, for appellee.

Story & Phillips and Wise, Randolph, Rendall & Freyer, all of Shreveport, amici curiæ, on rehearing.

LAND, J. On October 4, 1916, G. T. Shaw executed and delivered to A. E. Wilder an oil, gas, and mineral lease on a large tract of land in Claiborne parish, including the N. E. ¼ of the S. W. ¼ of section 20, township 21 north, range 7 west, the property in dispute in the present case.

The subsequent assignments of this lease, as alleged in plaintiffs' petition, are as follows: Wilder to Atlas Oil Company, November 17, 1916; Atlas Oil Company to Denman and Williams, August 15, 1917; Denman and Williams to the Consolidated-Progressive Oil Corporation, November 10, 1917; the Consolidated-Progressive Oil Corporation to N. C. McGowan, trustee for the Palmer Trust, January 28, 1918; N. C. McGowan, trustee for the Palmer Trust, to the Standard Oil Company of Louisiana, November 5, 1919.

Hereafter in this opinion, for the sake of brevity, we shall designate the Consolidated-Progressive Oil Corporation as the Consolidated, and the Standard Oil Company of Louisiana as the Standard.

Plaintiffs allege that the terms of the lease have been complied with, and they seek in the present suit to annul the assignment of the lease made by the Consolidated to N. C. McGowan, trustee, and the assignment of said lease by McGowan, trustee, to the defendant, the Standard, and to recover from said company the sum of $9,000,000, the alleged value of the oil produced from the leased premises.

Plaintiffs aver that the assignment to McGowan, trustee, was made by R. L. Smith, president, without the authority of the board of directors of the Consolidated, and that the pretended resolution of said board, attached to and recorded with said assignment, is forged and fraudulent.

It is alleged that the Standard, at the date

of the institution of this suit, January 7, 1922, was in possession of the property leased, and had held possession of same approximately for 26 months under said assignment, and had produced 3,000,000 barrels of oil from said property.

Huey P. Long, Jr., as the assignee of one-tenth interest in the lease claimed by the Consolidated, is a coplaintiff in the present suit.

R. L. Smith, the Palmer Trust, a joint-stock association, and its members, N. C. McGowan, individually and as trustee, and the Standard are made parties defendants.

The defendants, including the Standard, have tendered exceptions of no cause or right of action to plaintiffs' petition.

These exceptions were sustained by the trial judge as to all the defendants, plaintiffs' suit was dismissed, and they have appealed from the adverse judgment to this court.

1. Able counsel for the Standard, in arguing the exception of no cause of action, contends that the lease in question is one of a series of the "Wilder Leases," which this court has declared to be void for want of mutuality, and that, plaintiffs having failed to set out the specific facts upon which the alleged compliance with the terms of the lease is based, there is no sufficient allegation as to the performance of the obligations of the lease, which, for this reason become forfeited ipso facto.

In article XIII of plaintiffs' petition, it is alleged:

"That petitioners now show that all the rights and privileges, secured and held under the assignment to the Consolidated-Progressive Oil Corporation of the mineral lease upon the property described in articles II and III of this petition, have been at all times and are now valid, effective, and subsisting by reason of a compliance with the terms of the contracts of said leases."

The ultimate fact alleged is a compliance, not only by plaintiff, the Consolidated, but by all of the assignees of A. E. Wilder, the original lessee, "with the terms of the contracts of said leases," i. e., by each individual assignee or lessee.

It is clear that plaintiffs have alleged the validity of the lease as a subsisting title.

The petition sets out specifically all of the assignments with their respective dates and the names of each assignee, and, as the original lease from Shaw to Wilder is annexed to and made a part of the petition, it is read into the petition in this case, and the terms and conditions of the lease, together with the dates therein fixed for performance, are thereby set forth in ipsissimis verbis by plaintiff, the Consolidated, in said petition.

The alleged compliance "with the terms of the contracts of said leases," when construed with reference to such terms as thus specifically set forth in the petition, is thereby made sufficiently certain and definite.

The allegations of the petition, taken as true, for the purpose of disposing of the exception of no cause of action, show that the defendant, the Standard, was in possession of this property at the date of the filing of this suit, and had been in such possession for a number of months, and that the sole title under which said company possessed and operated the property in dispute is the assignment of the lease from the plaintiff, the Consolidated, through Smith, president, to McGowan, trustee, and from McGowan, trustee, to the Standard.

[1, 2] By purchasing the assignment of the lease from the Consolidated, McGowan, trustee, recognized the title of the Consolidated, and estopped himself as trustee from denying the validity of such title, and the Standard, holding the same property as assignee under McGowan, trustee, must be held to be a recognition of that title, and must show that said company has acquired the same, or fail in maintaining its right to the property; "for it is well settled, that, if either

the pleadings or the evidence show that the parties trace their titles to the same source, neither will be permitted to attack the title of their common author, and that a party cannot controvert the title of one under whom he claims." Girault v. Zuntz, 15 La. Ann. 684; Crane v. Marshal, 1 Mart. (N. S.) 577; Verret's Heirs v. Candolle, 4 Mart. (N. S.) 402; Bedford v. Urquhart, 8 La. 237, 28 Am. Dec. 137; Hughey v. Barrow, 4 La. Ann. 250; Kemp v. Womack, 1 Rob. 369; Cotton v. Stacker, 5 La. Ann. 677; Harang v. Blanc, 34 La. Ann. 632; Rocques' Heirs et al. v. Levecque's Heirs, 110 La. 306, 34 So. 454; Keating v. Wilbert, 119 La. 461, 44 So. 265; Sanders v. Tremont Lumber Co., 143 La. 181, 78 So. 439.

[3] It is a principle of universal jurisprudence that "a vendee who goes into possession cannot dispute the title of his vendor while he remains in possession." Herman on Estoppel, p. 809; Keating v. Wilbert, 119 La. 461, 44 So. 265.

[4, 5] As "the pleadings" in this case show that the Standard and McGowan, trustee, its immediate assignor, derive their titles from the Consolidated, the same author, the doctrine of estoppel by deed applies, and neither can gainsay or dispute the title of their common author, the Consolidated. If a party who has estopped himself from contesting the validity of a title can be permitted to attack the same, either under an exception of no cause of action, or under the evidence adduced on the trial of the merits, it is clear the principle of estoppel by deed would be a dead letter in our jurisprudence. This court, as announced in Girault v. Zuntz, 15 La. Ann. 684, and in numerous other decisions, has held, therefore, that the party estopped by deed cannot impugn the validity of the title of the common author, either under "the pleadings or evidence," if either show that the titles of the parties have their origin in the same source. The allegations in plaintiffs' petition, accepted as true under the exception of no cause of action, clearly show that such is the fact in the present case.

The exception of no cause of action is therefore not well founded.

Under the particular facts of this case, as disclosed by the averments of the petition, and assumed to be true, for the purpose of passing upon the exception of no cause of action, it appears that the Standard is in possession of the property in dispute, and that said company holds under no other title than that emanating from the Consolidated, the plaintiff.

We do not hold, however, that plaintiffs are relieved from the necessity of proving on the trial of the case that the terms of the lease have been complied with, as the basis of the validity of their title.

Nor do we hold in this case that the Standard is deprived of any legal right or valid defense that said company may have upon the trial of the merits, after answer filed, such as showing a title in defendant company, or the acquisition of title from some other source, or relying upon the inability of plaintiffs to show a legal and valid title.

We have acted upon the case only under the facts as they appear upon the face of the petition, and our holdings are limited to and must be construed solely with reference to such state of facts.

[6] 2. The defendant, the Palmer Trust, urges under the exception of no cause of action that, as plaintiffs have failed to allege payment or tender of the price received, as a condition precedent to the maintenance of their action for the rescission of the assignment and the recovery of the oil produced, the petition in this case fails to set forth a cause of action.

This contention is not sound, as previous tender is not required in a suit to set aside a sale on the ground of fraud, as in the pres-

ent case. State v. Hackley, Hume & Joyce, 124 La. 860, 50 So. 772 (on rehearing), citing numerous authorities.

[7] In addition to this, it is expressly alleged in plaintiffs' petition that the fraudulent act of Smith, president of the Consolidated, in making an assignment of this lease to McGowan, trustee, has never been ratified by said corporation, an allegation equivalent to an averment that no part of the purchase price received by Smith, president, was accepted by the Consolidated.

The exception of no cause of action should have been overruled.

[8] 3. The Standard filed an exception of misjoinder, based on the fact that Huey P. Long, Jr., had made an affidavit as attorney to the first petition, filed January 7, 1922, containing allegations that the Consolidated was the owner of all of the oil produced from the property, and was therefore estopped from denying said allegations, and from filing the amended petition of January 12, 1922, alleging that he is a coplaintiff.

The exception of misjoinder was overruled, and is without merit.

In the first petition filed it is alleged in article XIX:

"That the petitioner, Huey P. Long, Jr., is the owner of an undivided one-tenth interest in and to the minerals and mineral rights of the property described in paragraph 1 of this petition, which the Consolidated-Progressive Oil Corporation acquired from T. F. Denman and G. W. Williams, as shown in paragraph III of this petition, and said Huey P. Long, Jr., is also owner of one-tenth of all oils belonging, and which heretofore belonged, to the said Consolidated-Progressive Oil Corporation extracted from the said premises by the defendants herein," etc.

The prayer of the first petition also begins:

"Wherefore, the premises considered, petitioners pray that a curator ad hoc be appointed," etc.

It is therefore obvious that the omission of the name of Huey P. Long, Jr., from the first paragraph of the original petition was through mere inadvertence.

It is therefore ordered that the judgment appealed from be annulled and reversed. It is now ordered that the exceptions of no cause of action be overruled; that this case be remanded to the lower court and reinstated on the docket of said court, and be proceeded with in due course and according to law; appellees to pay all costs.

THOMPSON, J., dissents.