## JOHNSON v. HINDS.
### No. 2171.

Court of Appeal of Louisiana. First Circuit.
Dec. 12, 1940.

Rehearing Denied Jan. 14, 1941.
Writ of Error Refused March 3, 1941.

Chas. J. Mundy, of New Orleans, for appellant.

Chas. J. Boatner, of Franklin, for appellee.

DORE, Judge.

Plaintiff, on February 26, 1935, entered into a contract, by authentic act, with the defendant, the principal part of which reads as follows:

"That whereas Mrs. Mary Porche, a resident of Morgan City, La., has just died leaving no cash funds with which to pay her funeral expenses, Mrs. Georgia Johnson, her sister and one of deceased four heirs, hereby agrees that for and in consideration that Miss Charlotte Hinds, shall and does pay all of the funeral expenses, not to exceed the sum of Fifty and No/100 dollars, incurred by said funeral of Mrs. Mary Porche, together with interest thereon at the rate of eight per cent per annum, she agrees for herself and for the other three heirs, so far as she may bind them;

"That said Miss Charlotte Hinds shall take and keep complete possession of the property left by said Mary Porche, deceased, situated at No. 313 Third Street, in Morgan City, Louisiana, and rent the same out at such monthly rental, as she may be able to get, until the full amount paid by her, the said Miss Charlotte Hinds, for said funeral expenses together with the interest thereon, shall have been received by her in rentals collected, and she is fully repaid.

"It is further agreed by the parties hereto, that in the event there should be further expenses, such as Taxes, Insurance and

repairs which may be incurred and authorized by the said Mrs. Georgia Johnson and or the other heirs of Mrs. Mary Porche, and such expenses shall be advanced and paid by Miss Charlotte Hinds, then the time which she shall retain possession of said property and collect the said rents shall be extended to cover the time necessary for her to rent the property, to reimburse her for all such other expenses incurred and paid by her together with eight per cent interest thereon."

Plaintiff, after averring the entering into the contract between herself and defendant, and after setting out the main provisions of the contract, making the contract a part of her petition, avers that she delivered to the defendant the possession of the property described in the contract and that defendant has had possession thereof ever since; that the defendant has collected the rents and revenues therefrom without any accounting to her; that the defendant has paid the taxes on the property for the years from 1934 to 1938, inclusive, but that in violation of the contract to pay the taxes and contrary to law, defendant failed to pay the taxes for the year 1937 due on the said property, and allowed the said property to be sold for the non-payment of taxes by the Sheriff of the Parish of St. Mary, defendant becoming the purchaser of the said property at the tax sale.

Plaintiff further avers that the defendant has collected the rents and revenues of the property far in excess of the amount of the funeral expenses, taxes and other expenses which defendant incurred under the said agreement; that plaintiff has repeatedly demanded an accounting from defendant, the return of the property to her possession, and the cancellation of the tax deed, but to no avail. The prayer of the petition is for judgment in plaintiff's favor: (1) ordering defendant to render an accounting of the rents and revenues collected and sums paid out by virtue of the contract, and that the contract be declared satisfied and cancelled; (2) restoring plaintiff to the possession of the property described in the contract; and (3) annuling, avoiding and ordering the cancellation of the tax deed of the property to defendant.

■ Defendant filed three exceptions: (1) Jurisdiction (2) No right of action (3) No cause of action. The exception to the jurisdiction is abandoned. The other two exceptions are merely mentioned in her brief in this court, but no argument is presented relative thereto. We treat them as abandoned.

Defendant, in her answer, admits the signing of the contract, her entering into the possession of the property, the collection of certain rents, the payment of taxes, and also the sale of the property for unpaid taxes for the year 1937 and the purchase of the property at said tax sale. She avers that, after entering into the contract, obtaining possession of the property, collection of rents, and the payment of taxes, she ascertained that plaintiff had no interest in the property and that the Succession of Mary Porche was a vacant estate and that therefore she permitted the property to be sold for unpaid taxes for the year 1937 and purchased the same at said tax sale as she had a legal right to do. Defendant specially avers that plaintiff has no right to bring the suit or stand in judgment herein.

The trial resulted in a judgment for the plaintiff, decreeing the contract fully paid and satisfied, condemning defendant to pay plaintiff the sum of $94.51, the amount of rent collected by defendant over and above the amounts paid out for funeral expenses, taxes and repairs, and setting aside the tax sale of the property to defendant and ordering possession of the property restored to plaintiff. Defendant has appealed.

■ The reading of the contract declared upon in the suit clearly establishes that the contract as contemplated by the parties was to be one of antichresis. It is in writing; it creates a debt between plaintiff and defendant; it is a pledge of an immovable to secure this debt; it delivers to the defendant the possession of the immovable with the right to collect the rents and revenues to be applied to the interest and principal until the retirement of the debt. It further provides that the defendant shall pay the taxes, insurance and repairs, keeping the possession of the property, and collect the rents and revenues until she is fully reimbursed for all of her outlays.

The evidence is that defendant has collected, in rents and revenues, over and above all her claims or debts, the sum of $94.51, for which the judgment was rendered. Thus the plaintiff is entitled to be restored to the possession of the property unless the contention of the defendant can prevail.

Defendant contends that plaintiff was not the owner of the property at the time of entering into the contract, or an heir of Mary Porche, nor has plaintiff proven any right to stand in judgment.

In the contract under consideration, the defendant contracted with plaintiff as an heir of Mary Porche, and as having authority for the remaining three heirs. Defendant went into the possession of the property and collected the rents and revenues by virtue of such contract. It is a well-established maxim that "a party cannot controvert the title of one under whom he claims." We are therefore of the opinion that defendant is now estopped by deed to question plaintiff's ownership and her right to demand possession of the property and require an accounting to her for the revenues. Keating v. Wilbert et al., 119 La. 461, 44 So. 265, and the authorities therein cited.

For these reasons, the judgment appealed from is affirmed.