TALIAFERRO, Judge.
Alfew H. Williams, in the capacity of Administrator of the Succession of James Monroe Cox, opened in the probate court of the County of Bamberg, South Carolina, instituted this suit under the provisions of Act No. 38 of 1908, LSA-R.S. 13:5062, against the widow and heirs of J. M. Williams, deceased, Fred D. Scranton, Sr., W. H. L. Reynolds and John H. Richerson, all being residents of the State of Louisiana, excepting Scranton, who is alleged to reside in Houston, Texas.
James Monroe Cox acquired from the United States by Homestead,Entry Certificate No. 2285, on May 2, 1871, the following described land in Avoyelles Parish, to-.wit: “Lot No. Five (5) of Section 24 (or the factional West half (Wi/j) of the Southeast Quarter (SEJ4) containing 38.48 acres, and the Southeast Quarter (SE14) of the Northeast Quarter (NEJ4) of Section 25, containing 39.92 acres, all in Township Three -(3) North, Range Two (2) East.” •
The records of Avoyelles Parish do not disclose that Cox made any disposition of the land; nor is it shown when he abandoned, the property and removed to the State of- South Carolina. Old natives of the community/whose memories go back for sixty (60) years, never heard of Cox or his heirs un-til this litigation arose.
In the year 1939 a well in search of oil was drilled not far from the land and to this venture may be accredited the activity looking to the whereabouts of the heirs of the patentee.
On April 18, 1939, Mrs. Nancy Belle Caraway Cox, of Lincoln Parish, styled “widow of John M. Cox, deceased”, sold and conveyed by act under private signature unto said Fred D. Scranton, Sr., the two tracts of land hereinbefore described, reserving therefrom a 1/32 royalty interest in and to all oil and gas produced therefrom.
On June 1, 1939, Scranton executed cash deed unto Mrs. Lena Williams, the widow of J. M. Williams, deceased, and his sole heirs, to-wit:
Mrs. Della Gray, wife of James M. Gray, Mrs. Lillie Boyett, wife of V. R. Boyett, Mrs. Iva Net-ter, widow of Alvin Netter, Mrs. Allie Williams, wife of John W. Williams, and Loyd Williams; the Southeast Quarter of Northeast Quarter (SEJ4 of NE^) of Section 25, Township 3 North, Range 2 East, containing 39.92 acres.
The instrument carried a reservation of an interest in the oil, gas, etci
And, on the same day, Scranton executed cash deed to W. H. L. Reynolds, a widower, wherein he sold and conveyed Lot 5 of Section 24, Township 3 North, Range 2 East, containing 38.48 acres.
Also, an interest in the mineral rights thereto was reserved.
On May 1, 1941, Lillian Owens Young, wife of T. W. Young, and Leona Owens Pitts, executed cash deed unto John Houston Richerson, a single man, conveying the undivided half of their interest in and to both of said tracts of land.
*218 The source of the vendors’ title is not given in the deed, nor otherwise shown in the record.
Mrs. Nancy Belle Caraway Cox reached the conclusion that her deceased husband was not the same man as the patentee of the land, and on September 8, 1948, she executed an instrument, inter alia, so declaring. The facts set forth in this act clearly demonstrate the correctness of the conclusion that the patentee Cox and her deceased husband were not the same.
Taking the position that none of the claimants of the land had possession thereof, plaintiff, the administrator, seeks to have his title thereto established and recognized; but, further .pleads, alternatively, should it be found and held that defendants or any of them do actually possess the same, “then petitioner alleges that this suit should be maintained and continued as a petitory action, as against such defendants”, etc.
Coupled with the suit is a demand for judgment for the value of timber allegedly cut and removed from the lands by the defendants.
Neither Scranton nor Richerson answered. As to them issue was joined 'by default. The other defendants in limine litis filed exceptions of: (1) No right and no cause of action; (2) Misjoinder; and (3) Estoppel. In their answers they also pleaded the prescription of thirty (30) years, acquirendi causa.
The widow and heirs of J. M. Williams in answer assert ownership of the tract in Section 25, while Reynolds alleges himself to be the owner of the tract in Section 24, and, of course, all deny that the Succession of James Monroe Cox has any interest in the land. However, the widow Williams and the Williams heirs admit that Fred D. Scranton, Sr. “could convey no title to said property”, which, in effect, admits that his deed to them was futile as a muniment of title.
In support of the plea of prescription of thirty (30) years the' widow and heirs of J. M. Williams, deceased, aver that about the year 1898 J. M. Williams took actual physical possession of the tract in Section 25, cleared same of trees and brush, broke the soil and cultivated the land, fenced same as owner, constructed buildings and improvements thereon, etc.; that such possession by the deceased continued until his death in 1915, and thereafter by them until the present time.
Reynolds, as a predicate for the plea of prescription, avers that in or about the year 1900 he took actual physical possession of the land in Section 24 and exercised the same sort of possession thereto, and there-over as is alleged by the widow and heirs of J. M. Williams, to the other tract, and continued to do so until this suit was filed. He died 'before the case was tried. His heirs were substituted as defendants. The exceptions of no cause and no right of action and the plea of misjoinder were overruled prior to trial of the merits. There was judgment for the plaintiff, recognizing him to be the owner of the lands, but his demand for value of timber cut and removed was rejected. All defendants, who answered, appealed.
In this Court, by answer to the appeal, appellee prays for amendment of the judgment insofar as it rejected his demand for value of timber cut and removed.
The exceptions of no cause and no right of action are not argued here, and, we assume, have been abandoned. The pleas of misjoinder and of prescription are earnestly urged.
In behalf of the former plea, it is argued that as there are involved two different tracts of land allegedly owned by different defendants, each side depending upon pleas of prescription, based upon diverse facts of possession, clearly there was no common interest and misjoinder of defendants and misjoinder of actions is obvious; and, the joining of Scranton and Richerson but adds to the impropriety of the effort to have all of the adverse issues decided by one suit.
If the suit primarily was petitory, we believe the exception of misjoinder would be tenable, but this is not so. Where it is alleged that neither side is in the physical possession of the property, Act No. 38 of 1908, Code of Practice, Article 74.1 LSA-R.S. 13:5062, has application. It *219 •seems from the language of this act that it is permissible to proceed as plaintiff has ■done herein. It, in part, reads: “[E]ither ■of the claimants may bring suit against one ■or all of the adverse claimants, and for that purpose may join one or more adverse ■claimants in the same suit as defendants, to have the titles to the land adjudicated ■upon by the -court”, etc.
It is true there are two different tracts •of land adversely claimed by two different sets of persons, but the plaintiff has a single ■obj ective, viz.: to be decreed the owner of both tracts by virtue of the same record title, both of which are subject to claims of •others adversely to his own.
We believe the ruling on this plea well founded.
The plea of estoppel is based upon •what we believe to be an untenable predicate. It is this: That since defendants ■sought to acquire title, respectively, to the lands by purchase from Scranton, they thereby having tacitly admitted him to be the owner thereof, are precluded and es-topped to prove in themselves ownership .or title otherwise. Testimony to support ■the plea of prescription was, in keeping with plaintiff’s position as regards the plea of estoppel, objected to, but wa's overruled.
In written reasons for judgment the trial judge stated that further consideration of the ruling after carefully reading the case ■of Keating v. Wilbert, 119 La. 461, 44 So. 265, has led him to believe the ruling to be probably erroneous. He also cites to support his ruling: Girault v. Zuntz, 15 La.Ann. 684; Consolidated-Progressive Oil Corporation v. Standard Oil Company of Louisiana, 158 La. 982, 105 So. 36; Agurs v. Putter, 19 La.App. 550, 137 So. 640, 140 So. 833.
We do not believe the principle enunciated in these cases applicable to the facts of the present case. Plaintiff was not a party to either of th.e deeds from Scranton. Appellants do not now rely nor have they since soon after the deeds were signed, relied upon them as muniments of title. Scranton acquired no interest in the property through the deed from the widow Cox, and, of course, could convey none to others.
“An estoppel by deed is operative only between parties to the deed and their privies; strangers to the deed are not bound by nor can they invoke the estop-pel”. 19 Am.Jur. 604; Taylor v. Turner, La.App., 45 So.2d 107.
Carried to its logical conclusion, appellee’s argument means that where one has a valid title to real property, but to remove a cloud therefrom takes deed from another whose adverse title to the property is inferior, he thereby admits his last vendor to have had the better title, and henceforth in a contest would be estopped to plead his first and better title to defeat his adversary. Such a contention, on its face, it seems to us is wholly unsound.
It frequently occurs that owners of land, under valid chain of title, acquire from inferior claimants thereof whatever interest they have therein in order to clear the title, and to avoid the harassment of litigation.
J. M. Williams, deceased, owned land that adjoined the Southeast Quarter of the Northeast Quarter (SE14 of NE14), Section 25, Township 3 North, Range 2 East, and W. H. L. Reynolds owned land that adjoined Lot No. 5, being fractional West half (W}4) of the Southeast Quarter (NE14), Section 24, Township 3 North, Range 2 East.
Prior to trial of this case, a competent surveyor was engaged by attorney for plaintiff to run the outside lines of the tracts and make note of all evidences of ■possession, present or past thereof, and he did so. A plat of the survey is in the record. This plat, amplified by the surveyor’s testimony, discloses that of the tract in Section 24, some 28 acres, the northern portion is now fenced, which encloses an old field and a pasture. This enclosed part adjoins on its north side land now owned Iby the heirs of W. H. L. Reynolds, deceased.
The plat and the surveyor’s testimony show that of the tract in Section 25, some five or six acres near the center thereof have been in a state of -cultivation but were *220 not enclosed when the survey was made, nor for some time theretofore.
The testimony of old citizens, of the community convinces, us that the said 28 acres in fractional West half of Southeast Quarter (W]/2 of SE14), Section 24, has been in the actual physical possession of W. H. L. Reynolds as owner for more than thirty (30) years prior to his death, but we are not able to formulate an exact, . definite description of it (the metes and bounds) from the data at hand.
We are also convinced that J. M. Williams had actual, physical possession of the five or six acres referred to above, in the Southeast Quarter of the Northeast Quarter (SE14 of NE14), Section 25, some fifty (50) years ago. He enclosed and cultivated it for perhaps fifteen years. He died in 1915 and his widow and children continued his actual possession for a time. They moved away in 1920, but leased the land for two (2) years thereafter. At date of trial there was extant meager evidence of the fence that once enclosed this open land.
It appears that in 1927 the Williams arranged with a man of the community to watch after the timber on this and other land owned by them, which continued for five years. They sold the timber from this and adjoining land in April, 1946.
Pertinent law is embodied in the following articles of the Civil Code:
Article No. 3499: “The ownership of im-movables is prescribed for by thirty years without any need of title or possession in good faith.”
, Article No. 3500: “The possession on which this prescription is founded must be continuous and uninterrupted during all the time; it must be public and unequivocal, and under the title of owner.”
Article No. 3501: “The possession necessary for this species of prescription, when it has commenced by the corporal possession of the thing, may, if it has not been interrupted, be preserved by external and public signs, announcing the possessor’s intention- to preserve ' t)he possession of the thing; as the keeping up of roads and levees, the- payment of taxes, and other similar acts.”
Article No. 3502: “A man may even retain the civil possession of an estate, sufficient to prescribe, so long as there remain on it any vestiges of works erected by him, as, for example, the ruins of a house.”
Article No. 3503: “How favorable soever prescription may be, it shall be restricted within just limits. Thus, in the prescription of thirty -years, which is acquired without title, it extends only to that which has been actually possessed by the person pleading it.”
The testimony satisfies us that the plea of prescription of thirty (30) years is good as to said five or six acres, but the record is not adequate to enable us to formulate an accurate description thereof.
It was well understood by all of the people in and about the community that the upper tract was claimed by Reynolds and that the lower tract was claimed by J. M. Williams while living, and his widow and heirs after his death; and there has not been any interruption of either possession.
As regards the demand for the value of the timber cut, the testimony is not of the character required to warrant judgment thereon. The lower Court held that as the removal of the timber was in good faith, the defendants should not Ibe required to pay for same. This is not the true test of liability. It has to do, of course, with the measure of liability.
So far as the upper tract of ground is concerned, it is not shown that any timber was sold therefrom.; It is shown that the Williams sold in same deed timber from the lower tract and also from their home place adjoining. The quantity cut and removed from either tract is not shown, nor the value of any of it. No effort was made to prove these important facts.
We shall have to remand the case to enable the defendants to introduce evidence that will definitely establish the boundary lines of the two tracts to which they have acquired title by prescription, as herein-above discussed; and when this has been done, the lower Court will pronounce judgment, determining the rights of all parties *221 as regards the lands, based upon the whole record.
Therefore, for the reasons assigned, the judgment appealed from is set aside insofar as. it adjudicates the ownership of the two tracts of land, and to accomplish the purposes above set forth, the case is remanded to the lower Court for further proceedings.
And, insofar as not set aside 'by this decree, the judgment from which appealed, is affirmed.
'Costs of appeal are assessed against plaintiff, appellee. Fixing of liability, for all other costs will await final decree in the case.
KENNON, J., not participating.